# EXHIBIT 1

## <u>STATE V. BROOKS</u>, UNION COUNTY FILE NO. 23CR344255-890

STATE OF NORTH CAROLINA

COUNTY OF UNION

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

23CR344255-890

| STATE OF NORTH CAROLINA, | |
|---|---|
| | Plaintiff, |
| v. | |
| Antonio Brooks | |
| | Defendant. |

**MOTION AND ORDER TO WITHDRAW**

## MOTION TO WITHDRAW

The undersigned counsel hereby moves this Honorable Court to grant the Motion to Withdraw as the attorney of record for the Defendant's case cited the caption above for the following reasons: Defense counsel pled guilty pursuant to a Conditional Discharge in Union County Superior Court. After the plea, Defendant was placed on supervised probation that was transferred to Mecklenburg County. The Defendant emailed Defense counsel several times with issues with probation. After consulting Defendant that Defense counsel does not handle issues with probation, Defendant filed a motion in Union County Superior Court laying out issues with probation and with Defense counsel.

Defense counsel sent a letter ending representation to Defendant. Defense counsel at this point respectfully asked the court to allow this motion to withdraw.

April 14, 2025

SEIFERFLATOW, PLLC

By: _____

EDWARD W. MARTIN
N.C. State Bar No. 50857
Attorney for Defendant
2319 Crescent Avenue
Charlotte, North Carolina 28207
(704) 512-0606
ed@seiferflatow.com

## **ORDER TO WITHDRAW**

For good CAUSE it is ADJUDGED and ORDERED that Edward Martin's Motion to Withdraw as the attorney of record for the Defendant's case listen in the caption above is hereby:

_____X_____Granted

_____Denied

4/14/2025 2:04:12 PM

SUPERIOR COURT JUDGE

FILED
DATE: April 15, 2025
TIME: 2:20:17 PM
UNION COUNTY
CLERK OF SUPERIOR COURT
BY: B. Ciucevich

# STATE OF NORTH CAROLINA

Union County

| | |
|---|---|
| *File No.* | |
| 23CR344255-890 | |

In The General Court Of Justice

☐ District  ☒ Superior Court Division

**NOTE:** *The AOC-CR-645 (Optional Form For Criminal Judgment (District Court)) and other criminal judgment forms are available for use in district court cases. For superior court cases, other criminal judgment forms are available for use.*

## STATE VERSUS

| *Name Of Defendant* | |
|---|---|
| ANTONIO GREGORY Brooks | |
| *ICMS Person Record No.* | |
| 23547997 | |

| *Race* | *Sex* | **NOTE:** *Date Of Birth may be recorded on AOC-CR-1000 (ICMS).* |
|---|---|---|
| Black | Male | |

# JUDGMENT/ORDER OR OTHER DISPOSITION

| *Attorney For State* | | | | *Attorney For Defendant* | ☐ Appointed | *Crt Rptr Initials* |
|---|---|---|---|---|---|---|
| THOMAS CLARK | ☐ Def. Found Not Indigent | ☐ Def. Waived Attorney | ☐ Attorney Denied | EDWARD WILLIAM MARTIN | ☐ Retained | BLW |

*Offense(s)*

DISCLOSE PRIVATE IMAGES/ADULT

ATTORNEY EDWARD MARTIN'S MOTION TO WITHDRAW IS HEREBY GRANTED BY THE COURT.

ALL OF THE DEFENDANT'S MOTIONS FILED ARE HEREBY DENIED BY THE COURT.

## SIGNATURE OF JUDGE

4/14/2025 2:10:50 PM

| *Date* | *Name Of Presiding Judge (type or print)* | *Signature Of Presiding Judge* |
|---|---|---|
| 04/14/2025 | HON ADAM ELKINS | |

*Material opposite unmarked squares is to be disregarded as surplusage.*

AOC-CR-305 (ICMS), Rev. 2/21
© 2021 Administrative Office of the Courts

24 March 2025

## Message to the Clerk of Court – Union County

**Subject:** Supplemental Motion Filing, Request for Remote Appearance, and Outstanding Legal
Issues in Case No. 23CR344255-890

Dear Clerk of Court,

I am writing to notify the Court of a **Supplemental Motion** I have filed in **State v. Antonio
Brooks, Case No. 23CR344255-890**, and to respectfully request immediate attention to several
unresolved issues that materially affect my ability to participate in the upcoming hearing.

This filing builds upon and reincorporates prior motions and correspondence submitted to the
Court concerning:

1. **Improper and burdensome supervision conditions** imposed by probation despite
   compliance.
2. **Ineffective assistance of counsel** and improper withdrawal of prior legal representation,
3. **Violation of ICAOS rules** and procedural confusion in my probation transfer,
4. My **outstanding request for appointed legal counsel**, due to my pro se status and the
   complexity of these matters.

I am currently engaged in **active federal litigation** in the Eastern District of Virginia that bears
directly on the matters under this Court's jurisdiction. Due to the overlap of jurisdictional and
legal issues, I **may be unable to appear in person** at the upcoming hearing and therefore
respectfully request:

- **A continuance of the hearing**, or
- **Leave to appear via secure video conference**, and
- That the Court resolve **in chambers** the pending request for appointed counsel and
  clarification regarding the need for a subpoena or mandatory appearance.

To date, **I have not received a subpoena** or formal directive to appear in person. As a result,
and given my current pro se status, I remain uncertain about my obligations and respectfully seek
the Court's guidance and protection.

Please confirm receipt of this notice and supplemental filing at your earliest convenience. I am
committed to complying with all lawful orders and participating constructively, provided that I
am afforded the due process protections and clarity necessary to do so.

Respectfully,
**Antonio Gregory Brooks**
2701 Park Center Drive, Apt B905
Alexandria, VA 22302
(910) 987-0787
antoniobrooks20@gmail.com

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION – UNION COUNTY**
**FILE NO: 23CR344255-890**

FILED

2025 MAR 26 P II: 17

**STATE OF NORTH CAROLINA,** Plaintiff.

v.

**ANTONIO BROOKS**, Defendant.

UNION CO., C.S.C.

## SUPPLEMENTAL MOTION FOR CONTINUANCE, REMOTE APPEARANCE, AND RESOLUTION OF OUTSTANDING ISSUES INCLUDING COUNSEL APPOINTMENT

**NOW COMES** the Defendant, Antonio Brooks, pro se, and respectfully submits this **Supplemental Motion** in connection with the previously filed motions dated January 22, 2025, and related correspondence. This filing is made to **reincorporate those prior filings** and to **clarify and request judicial resolution of critical pre-hearing matters**, as outlined below:

### 1. FEDERAL LITIGATION AND CONFLICT OF APPEARANCE

The Defendant is currently involved in ongoing **federal litigation in the Eastern District of Virginia**, arising from matters that directly involve and intersect with the factual and procedural posture of this case. This federal litigation makes it **difficult or impossible** to travel to Union County, North Carolina, at this time.

Accordingly, the Defendant respectfully requests either:

- A **continuance** of the upcoming hearing, or
- **Leave to appear remotely** via secure video conferencing.

### 2. INCORPORATION OF PRIOR FILINGS AND STATUS UPDATE

The following motions and materials are formally **reincorporated by reference**:

- "Motion for Court Oversight of Probation and Conditional Discharge Compliance, Dismissal with Prejudice, and Appointment of Counsel" filed on or around January 22, 2025 (initial motion);
- Supporting correspondence and documentation, including communications with the **Virginia Department of Corrections** regarding ICAOS disputes and improper post-transfer conditions;
- Notification of **improper withdrawal and continued listing** of prior defense counsel;
- Evidence of full compliance with **all conditions** of the conditional discharge (community service, fines, and court costs).

These filings establish a pattern of **procedural irregularities, undue burdens**, and **legal representation failures** that must be addressed before the matter can proceed.

## 3. UNRESOLVED QUESTIONS BEFORE THE COURT

The Defendant seeks judicial resolution on the following **outstanding issues** prior to any future hearing:

- **Whether the Defendant is required to attend the hearing in person**, and if so, whether a **formal subpoena** is necessary given the current lack of notice;
- **Whether appointed counsel will be provided**, given the Defendant's pro se status and the withdrawal of prior counsel without proper procedure under Rule 1.16(c) of the North Carolina Rules of Professional Conduct;
- **Whether the post-transfer conditions imposed in Virginia, including psychological evaluations, exceed the authority granted under ICAOS Rule 4.103-1** and improperly alter the original plea terms;
- **Whether the Court will take judicial notice of Defendant's full compliance** with all statutory conditions for conditional discharge;
- Whether the Court will **investigate and correct probation supervision discrepancies** resulting in improper penalties and confusion.

## 4. PRAYER FOR RELIEF

WHEREFORE, the Defendant respectfully requests that this Honorable Court:

1. **Grant a continuance** of the upcoming hearing, or alternatively,
2. **Authorize remote/video appearance** due to federal litigation conflicts;
3. **Resolve the pending motion for appointment of legal counsel** and direct that counsel be appointed without further delay;
4. **Clarify the Defendant's requirement to appear in person and issue a subpoena if necessary**;
5. **Review the prior filings** and **grant appropriate relief**, including oversight of probation practices and potential dismissal with prejudice based on misconduct and compliance.

Respectfully submitted,

**Antonio Gregory Brooks**
2701 Park Center Drive, Apt B905
Alexandria, VA 22302
antoniobrooks20@gmail.com
(910) 987-0787
24 March 2025

Exhibit A

# Follow-Up on Probation Terms and Psychological Evaluation

To: Rebecca Hamilton, Virginia Department of Corrections

Date: 13 January 2025

**Subject:** Follow-Up on Probation Terms and Psychological Evaluation

Dear Ms. Hamilton,

Thank you for meeting with me regarding my probation requirements under the Interstate Compact for Adult Offender Supervision (ICAOS). I would like to formally follow up on our discussion about the psychological evaluation you requested and clarify my position in greater detail to address several critical factors and ensure comprehensive understanding.

## Commitment to Compliance

I am fully dedicated to adhering to all lawful requirements to ensure the successful completion of my probation. My intentions remain focused on fulfilling every mandated condition and working cooperatively with all relevant authorities. However, I must balance this commitment with a careful consideration of the legal implications and procedural requirements that govern these conditions.

## Concerns About Evaluation

I have serious reservations about whether this evaluation aligns with the terms of my original conditional discharge from North Carolina. Specifically, it was not included in the plea agreement or intake risk assessment conducted in North Carolina, raising questions about its appropriateness and enforceability under the circumstances. The implications of introducing such a condition post-transfer require detailed examination, especially in light of ICAOS regulations.

## Request for Clarification

To ensure compliance and avoid any inadvertent violations, I have sought clarification from the North Carolina court regarding the scope of permissible conditions under ICAOS. Understanding these parameters is essential for ensuring that all actions taken remain within the bounds of the law and the terms of my original conditional discharge.

## Provisional Cooperation

While awaiting further clarification, I am willing to cooperate provisionally, provided that the evaluation meets the following criteria:

- **Compliance with ICAOS Rules:** Adheres to pre- and post-transfer rules under ICAOS, which stipulate that new conditions must not contradict or significantly alter the original terms of probation. Specifically, ICAOS Rule 4.103-1 mandates that supervision

# Follow-Up on Probation Terms and Psychological Evaluation

conditions imposed by the receiving state must not be more restrictive than those imposed on in-state offenders.

- **Alignment with Deferred Sentencing:** Does not conflict with the deferred sentencing rules governing my conditional discharge, as outlined in North Carolina law. Notably, under ICAOS, the receiving state acts as an agent of the sending state and should not impose new conditions post-transfer that circumvent compliance with ICAOS guidelines.
- **Offense Classification:** Recognizes that the offense in question—non-consensual disclosure of private images—is not classified as requiring registration or necessitating a psychological evaluation under either North Carolina or Virginia statutes.
    - In North Carolina, this offense is addressed under N.C. Gen. Stat. §14-190.5A and is not listed among registerable offenses.
    - In Virginia, a similar statute exists under §18.2-386.2, which also does not require sex offender registration.
- **Alternative Risk Assessment Methods:** Reflects that there are alternative, legally compliant methods for conducting risk assessments in Virginia, as psychological evaluations for non-registerable offenses are not standard according to applicable laws.
- **Protection Against Self-Incrimination:** Ensures that the evaluation is not used for punitive purposes or self-incrimination and is limited solely to assessing risk as stated. Any conditions that deviate from this must be substantiated with clear legal justification.

# Additional Documentation Requested

To further assist in this process, I would appreciate:

- A copy of my plea agreement and any probation orders from North Carolina, showing that a psychological evaluation was not required.
- A copy of the Interstate Compact for Adult Offender Supervision (ICAOS) Rules, particularly those related to new conditions imposed by receiving states, including Rule 4.103-1, which states that supervision conditions must not be more restrictive than those imposed on in-state offenders.
- Additional reference to ICAOS Rule 3.3.2, which bans pre-acceptance conditions unless approved by the sending state and directly related to supervision.

# Key Points for Consideration

## Acknowledgment of Compliance

- I want to emphasize that I am committed to complying with all legal requirements and fulfilling the terms of my probation.
- I also understand that probation processes differ across states, and I am seeking clarification to avoid any misunderstandings or missteps given the nuances of my disposition.

## Clarification on Requirements

## Follow-Up on Probation Terms and Psychological Evaluation

- I respectfully ask for clarification on whether this psychological evaluation is a required part of my probation under the terms of the original conditional discharge from North Carolina.
- To my knowledge, this was not included in the plea agreement or the intake and risk assessment conducted in North Carolina, neither as part of the pre- nor post-transfer requirements.
- Without this clarification, it could appear that Virginia is attempting to enforce evaluations that are not mandated, without judicial authorization, creating undue burdens inconsistent with ICAOS guidelines.

### Legal Representation

- As this could impact my conditional discharge, I have been working to consult with my North Carolina attorney. However, I have faced challenges verifying his status and availability. I am actively seeking emergency legal remedies to address this issue and ensure that I have adequate representation to resolve any discrepancies.

# Conclusion

I understand that the Commonwealth may have the authority to seek additional evaluations under specific conditions. However, based on my research into case law, statutory requirements, and ICAOS rules, such evaluations are not standard for offenses like mine unless explicitly ordered by a judge. Introducing new conditions post-transfer without proper legal procedures raises significant concerns about compliance and fairness.

I hope this letter demonstrates my commitment to fulfilling my responsibilities and upholding the conditions of my probation while safeguarding my legal rights. I greatly appreciate your understanding and support as I work toward a successful resolution.

Thank you for considering my concerns. I look forward to discussing this matter further and identifying constructive solutions. Please feel free to reach out to me at your earliest convenience to schedule the home visit and my follow-up appointment.

**Sincerely,**

Antonio Gregory Brooks
2701 Park Center Drive, Apt 905B
Alexandria, VA 22302
antoniobrooks20@gmail.com
(910) 987-0787

Exhibit B

Antonio Gregory Brooks
2701 Park Center Drive, Apt 905B
Alexandria, VA 22302 US
antoniobrooks20@gmail.com
(910) 987-0787

FILED

25 MAR 26  P 11: 17

CON CO., O.S.C.

13 January 2025

**To:** Rebecca Hamilton
Virginia Department of Corrections

**Subject:** Follow-Up on Psychological Evaluation and Probation Terms

Dear Rebecca Hamilton,

Thank you for meeting with me regarding my probation requirements under the Interstate
Compact for Adult Offender Supervision (ICAOS). I would like to formally follow up on our
discussion regarding the psychological evaluation you requested and clarify my position:

1. I am committed to complying with all lawful requirements and ensuring my successful
   completion of probation.
2. I have raised concerns about whether this evaluation aligns with the terms of my original
   conditional discharge from North Carolina, as it was not included in the plea agreement
   or intake risk assessment conducted in that state.
3. To ensure compliance, I have requested that the North Carolina court provide
   clarification regarding the scope of permissible conditions under ICAOS.
4. While I await further clarification, I am willing to cooperate provisionally, provided that
   the evaluation:
   o  Does not violate North Carolina law or the terms of my plea agreement.
   o  Is not used against me for punitive purposes or self-incrimination.
   o  Is limited solely to assessing risk as stated.

I respectfully request that you forward any related documentation or guidance to my legal
representative and me to ensure compliance with all applicable laws and agreements.

Thank you for your understanding and assistance.

Sincerely,

Antonio Gregory Brooks
2701 Park Center Drive, Apt 905B
Alexandria, VA 22302 US
antoniobrooks20@gmail.com
(910) 987-0787

Exhibit C



**SeiferFlatow** FILED

*Attorneys at Law*

2025 MAR 2b ⊃ 11: 17

**Ed W. Martin**
Partner
ed@seiferflatow.com

UNION CO. C.S.C.
BY

October 29, 2024

**Sent via Email: (antoniobrooks20@gmail.com)**
Mr. Brooks

RE:     State of North Carolina vs Antonio Brooks
        Union County Superior Court 23CR344255-890 (Felony - Disclose Private
        Images)

Dear Antonio Brooks:

. Let this letter serve as a reminder of what took place in court, as well as the
termination of representation in the above referenced matter. We pled you guilty to Felony
- Disclose Private Images pursuant to a Conditional Discharge. You were placed on
Supervised Probation for a period of 18 months, you were to complete 24 hours of
community service, and you were to pay all associated court costs and fines in the matter.
You requested this probation be transferred to Mecklenburg Count. Contingent on you
completing the required community service, your case would be dismissed.

After court, you requested a copy of the plea transcript which was submitted to
the court for the Conditional Discharge in Union County. You also inquired about Sex
Offender registration, which you were informed that under the plea arrangement there was
no such registration requirement. On June 18, 2024, the plea transcript was emailed to
you.

On October 2, 2024, you messaged the Firm via MyCase and requested an
extension for your community service. I responded to this message on October 7, and
asked if you had discussed these issues with your Probation Officer. You informed me
that Probation asked you to contact me, and that you were penalized for not receiving the
extension and placed on house arrest. However, I spoke with the Probation on October
28, and you were not placed on house arrest for incomplete community service; you were
placed on house arrest because you traveled outside the state without express permission
from Probation.

On October 24, 2024, you sent us another message via MyCase and accused me
of working with/for the FBI. I responded and informed you I have never worked for the
FBI. I also inquired about how much community service you had completed since the
plea. You messaged me on October 25, 2024, and informed me that community service
was completed.

2319 Crescent Ave, Charlotte, NC 28207
p (704) 512-0606    f (704) 314-0677
www.seiferflatowlaw.com
Licensed in North Carolina

At this point I do not understand what extension would be needed, and at this point
our representation is terminated effective immediately. Probation informed me that the
only thing you need to do going forward is provide proof of the community service
completion and also get permission from them before traveling outside of North Carolina.

Sincerely,

Ed W. Martin

**Antonio Gregory Brooks**
2701 Park Center Drive, Apt 905B
Alexandria, VA 22302
(910) 987-0787
antoniobrooks20@gmail.com

FILED

2025 MAR 26 ⊃ II: II

UNION CO., C.S.C.

BY

**Date:** 24 March 2025

**To:**
Office of the Clerk of Court
Union County Superior Court
400 North Main Street
Monroe, NC 28112

## RE: Submission of Motion and Affidavits in North Carolina v. Brooks, Case No. 23CR344255-890

Dear Clerk of Court,

I respectfully submit the enclosed documents for filing and docketing in the above-referenced matter currently pending before the Superior Court of Union County, North Carolina.

The enclosed filings include:

1. **Motion for Submission of Affidavits, Motion for Dismissal with Prejudice, and Request for Remedial Judicial Relief**
2. **Affidavit #1 – Coercion and Denial of Counsel (February 17, 2025)**
3. **Affidavit #2 – Retaliation, Color of Law Violations, and ICOTS Misapplication (February 28, 2025)**

These materials are submitted pursuant to my pro se and informa pauperis status and are intended to be added to the official record for judicial review and adjudication. I respectfully request that these documents be transmitted to the presiding judge for consideration in support of the relief sought.

Should you require any clarification, additional copies, or procedural steps on my part to ensure proper filing, I am available by telephone or email as listed above.

Thank you for your time, professionalism, and assistance in this matter.

Respectfully submitted,
**Antonio Gregory Brooks**
Defendant, *Pro Se & In Forma Paurperis*

# Affidavit Documenting Coercion & Denial of Legal Representation

## AFFIDAVIT OF ANTONIO BROOKS

I, **Antonio Brooks**, being duly sworn, state the following:

1. On **February 10, 2025**, I was subjected to a psychological evaluation conducted by **Dorothy Shellman** under the authority of **Counseling and Forensic Services, at the direction of the Virginia Department of Public Safety, Probation Division, and the Alexandria City Sheriff's Office**.
2. Prior to the evaluation, I explicitly requested the presence of legal counsel. This request was **denied by Probation Officer Rebecca Harrison**, who stated that legal representation was "unnecessary."
3. During the evaluation, I was asked **leading and manipulative questions** designed to:

   - **Reframe actual physiological symptoms of external torture as psychiatric hallucinations.**
   - **Undermine my credibility in future legal proceedings.**
   - **Coerce me into providing self-incriminating or misleading statements.**

4. The evaluation was **not a good-faith medical assessment**, but rather a **psychological manipulation tactic intended to obstruct legal actions against those responsible for coercion, manipulation, entrapment, abuse and torture**.
5. I fear that this report will be misrepresented in legal settings to justify **retaliatory action, institutionalization, or deprivation of my rights**, based on the following facts:

   - The evaluator, **Dorothy Shellman**, used **manipulative questioning techniques** to falsely frame my symptoms of torture as **psychiatric delusions**.
   - I was told I **had no right to access my own medical records**, a **direct violation of HIPAA (45 CFR § 164.524)**.
   - The evaluation was **recorded and conducted under surveillance**, with **an unidentified officer listening in another room** and feeding real-time instructions to the evaluator.

6. I have reason to believe this **evaluation will be transferred to North Carolina authorities (NC Department of Adult Supervision or Union County District Attorney's Office**) and other agencies, unlawfully, **without my consent or COURT ORDER**, further compounding due process violations.
7. I respectfully request that any use of this psychological evaluation be **barred from legal proceedings** due to its **coercive nature, improper methodology, and violation of my legal rights**.

I declare under **penalty of perjury under the laws of the United States of America** that the foregoing is **true and correct**.

**Executed on:** 17 February 2025

**Signature:** _____

**Antonio Gregory Brooks**

UNION CO., C.S.C.

2025 MAR 26  P 11: 12

FILED

## Affidavit Documenting Retaliation, Color of Law Violations & Explicit Denial of Legal Representation

### AFFIDAVIT OF ANTONIO GREGORY BROOKS

I, **Antonio Gregory Brooks**, being under fear of penalty of federal and state law, duly swear and affirm the following statements contained herein to be true and factual to the best of my knowledge and recollection, as protected by law:

1. **Evaluator's Prior Affiliation as a Probation Officer**
   a. On or about **February 10, 2025**, I underwent a psychological evaluation conducted by an individual who introduced herself as **Dorothy Shellman** (hereafter "the evaluator").
   b. During the evaluation, the evaluator explicitly stated that she was a former probation officer, raising immediate concerns regarding her impartiality and objectivity.

2. **Denial of Right to Attorney**
   a. When I requested the presence of legal counsel at or prior to this evaluation, the evaluator and associated personnel informed me that I had "no right to an attorney."
   b. This statement not only contradicted my constitutional right to counsel but also illustrates a coercive atmosphere designed to restrict my ability to protect my legal interests.

3. **Denial of Access to Records**
   a. I was further informed that I had "no right" to access or review any medical or psychological records generated by the evaluation.
   b. This denial is contrary to my rights under federal and state laws, including but not limited to the Health Insurance Portability and Accountability Act (HIPAA), which generally grants individuals access to their personal health records.

4. **Probation Officer's Retaliatory Actions and Misuse of Authority**
   a. I also became aware after a February visit with my Virginia probation officer, **Rebecca Harrison**, that **North Carolina Probation Officer Angelina Ortiz**—one of my previous probation officers—attempted to unlawfully leverage her official capacity to further the coercive and unlawful denial of my right to counsel and other legal protections. This included requiring a psychiatric exam and imposing other limitations that directly contravene the terms of my conditional discharge, thereby placing the states of both North Carolina and Virginia in violation of their duties and responsibilities under the law and thereby gives proper grounds and cause to discharge my agreement with the state of North Carolina for permanent dismissal

## Affidavit Documenting Retaliation, Color of Law Violations & Explicit Denial of Legal Representation

with prejudice.

b. Such actions, carried out under color of law, constitute a direct violation of **42 U.S.C. § 1983**, as they are designed to unlawfully retaliate against me and strip me of my constitutional rights.

5. **Efforts to Justify Preemptive Sanctions and Institutionalization**

a. I have grounds to believe that these evaluations and manipulative tactics are being used to facilitate and justify the imposition of punitive measures—such as institutionalization (both mentally and criminally)—before a scheduled court appearance in April.

b. This involves the unlawful deprivation, interference, and denial of counsel in North Carolina, compounding the denial of constitutional protections at both state and federal levels.

6. **Unconstitutional Use of ICOTS Interpretation**

a. I am informed and believe that the parties involved have relied, in part, on an improper interpretation of the **Interstate Compact for Adult Offender Supervision (ICOTS)** to infringe upon my rights.

b. This invocation of an "ICOTS interpretation," rather than a valid legal or judicial precedent, appears to be an attempt to circumvent due process and facilitate unlawful actions across state lines (Virginia and North Carolina) or local jurisdiction (Alexandria City Police Department).

7. **Ongoing Violations of Rights**

a. In combination, the above actions have violated my rights under the United States Constitution, the laws of Virginia, and the laws of North Carolina.

b. These orchestrated measures demonstrate a pattern of interference with my legal defenses and an effort to undermine the due process rights to which I am entitled in both states and under federal law.

8. **Request for Redress and Protective Measures**

a. I respectfully request that any evaluations or reports generated under these coercive, unconstitutional practices be deemed inadmissible or otherwise barred from use in any legal or administrative proceedings.

b. I further request immediate access to legal counsel and to any and all records generated from these evaluations, consistent with my statutory and constitutional rights.

## Affidavit Documenting Retaliation, Color of Law Violations & Explicit Denial of Legal Representation

9. **Violations of State and Federal Law**
    a. **North Carolina:** These actions violate the North Carolina Constitution (Article I, Section 23), which guarantees the right to counsel, as well as **N.C. Gen. Stat. §§ 7A-451** and **15A-1345**, which outline an individual's right to legal representation and procedural protections in criminal or supervisory proceedings.
    b. **Virginia:** In Virginia, these actions contravene the Virginia Constitution (Article I, Section 8) guaranteeing due process and the right to counsel, and violate statutory provisions such as **Va. Code Ann. §§ 19.2-159 et seq.**, which mandate that defendants—particularly indigent defendants—be afforded legal representation in criminal matters.
    c. **Federal:** Federally, the conduct implicates multiple constitutional protections, including but not limited to the **Fifth Amendment** (due process), **Sixth Amendment** (right to counsel), and **Fourteenth Amendment** (equal protection and due process). The use of coercive tactics under color of law is further proscribed by **42 U.S.C. § 1983**, which provides a civil cause of action for the deprivation of constitutional or federal rights, and potentially **18 U.S.C. §§ 241, 242**, which criminalize conspiracies and actions undertaken to deprive a person of their constitutional rights.
    d. **Reservation of Rights:** Any failure to list specific statutes or constitutional provisions here shall not be construed as a waiver of their applicability. I expressly reserve all rights, claims, and defenses arising under any relevant laws—federal or state—that protect due process, the right to counsel, or the right to be free from unlawful retaliation and coercion.

10. **State Actors Violation of Terms of Discharge:** The actions described herein contravene the explicit terms of my conditional discharge and its underlying conditions, as recognized by the relevant authorities in both North Carolina and Virginia. By imposing unauthorized psychiatric evaluations, denying my right to counsel, and withholding other core legal protections, officials from both states have disregarded the conditions that governed my discharge. This disregard provides immediate grounds for dismissal of any resulting actions or alleged breaches under the relevant statutory frameworks at the federal, North Carolina, and Virginia levels.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

**Executed on:** 28 February 2025

**Signature:**

**Name:** *Antonio Gregory Brooks*

*Plaintiff, Pro Se*

**IN THE GENERAL COURT OF JUSTICE**
**SUPERIOR COURT DIVISION**
**UNION COUNTY, NORTH CAROLINA**

FILE NO: 23CR344255-890

FILED

2025 MAR 26  P 11· 12

UNION CO., C.S.C.

BY

**STATE OF NORTH CAROLINA**

V.

**ANTONIO GREGORY BROOKS**

# MOTION FOR SUBMISSION OF AFFIDAVITS, MOTION FOR DISMISSAL WITH PREJUDICE, AND REQUEST FOR REMEDIAL JUDICIAL RELIEF

NOW COMES the Defendant, Antonio Gregory Brooks, appearing pro se, and respectfully moves this Honorable Court to accept the affidavits submitted contemporaneously as evidentiary supplements and to enter an order dismissing the present matter with prejudice due to enduring constitutional violations, discrimination under the Violence Against Women Act (VAWA), and egregious deprivations of liberty and rights effectuated under color of law. This Motion further demands remedial judicial intervention to preserve the integrity of the justice system. The Defendant has submits two sworn affidavits describing ongoing retaliatory, discriminatory, and unconstitutional actions taken against him by state actors in both North Carolina and Virginia. These affidavits document specific violations of:

- **The Fourth Amendment** (protection against unreasonable searches and seizures);
- **The Eighth Amendment** (protection from cruel and unusual punishment, including retaliatory or punitive measures under the guise of probation compliance);
- **The Fourteenth Amendment** (due process and equal protection);
- **State constitutional and statutory guarantees** under N.C. Const. Art. I § 19, § 23, and Va. Const. Art. I §§ 8 and 11;
- Federal statutes including **42 U.S.C. § 1983** and **18 U.S.C. §§ 241, 242**, and the protections under the **Violence Against Women Act**, 34 U.S.C. §§ 12291 and 12491.

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

1. The Defendant is presently under conditional discharge as per a previously negotiated plea arrangement and has scrupulously complied with all terms and obligations thereof.

2. The Defendant is a documented survivor of intimate partner violence, substantiated by protective orders duly entered in both North Carolina and Virginia jurisdictions—specifically, Mecklenburg County (Case No. 23CVD500152), Union County (Case No. 24CV50039), and Virginia (EPO510JM2300002898). These judicial decrees remained enforceable under the statutory mandates of the Violence Against Women Act, codified at 34 U.S.C. § 12291 et seq.

3. The Defendant's lawful and protected efforts to pursue safety and redress through the legal system have been met with retaliatory conduct by officials of the Union County District Attorney's Office and probation authorities across both North Carolina and Virginia. These retaliatory measures include deliberate misrepresentation of the Defendant's compliance and intentions, discriminatory modification of probationary terms, unwarranted electronic surveillance, obstruction of legal due process, and purposeful misrepresentation of the Defendant's legal compliance, as well as the charges of this case.

4. **Retaliatory Probation Measures Without Cause**
   Defendant was subjected to electronic monitoring and house arrest **not for any violation**, but because of a delayed community service extension request. The request was timely, lawful, and ignored by his Probation Officer, Angelina Ortiz. His travel permission had been granted and reaffirmed by Chief Probation Officer Lauren Leftwich.

5. **Denial of Right to Counsel & Coercive Psychiatric Evaluation**
   On February 10, 2025, the Defendant was subjected to a psychiatric evaluation conducted by a former probation officer—raising issues of neutrality—where he was explicitly denied the right to counsel. This contradicts both **N.C. Gen. Stat. §§ 7A-451, 15A-1345** and **Va. Code § 19.2-159**, and violates constitutional protections under **Gideon v. Wainwright**, 372 U.S. 335 (1963).

6. **Improper Use of ICOTS and Multistate Jurisdiction to Circumvent Rights**
   Both NC and VA officials leveraged discretionary interpretations of ICOTS to override the Defendant's lawful discharge terms. The misuse of ICOTS in ways that violated due process and imposed retaliatory psychiatric assessments and monitoring is a breach of the Defendant's conditional release agreement and violates **Morrissey v. Brewer**, 408 U.S. 471 (1972).

7. **Discrimination Under VAWA and Protective Orders Ignored**
   Despite court-issued protective orders against the alleged victim in:
   1. **NC: 23CVD500152 and 24CV50039**
   2. **VA: EPO510JM2300002898**
      —probation and DA officials failed to acknowledge or enforce these orders. This constitutes **retaliation** and **discrimination** under VAWA protections. See **34 U.S.C. § 12491(b)(1)** (prohibiting adverse actions against those seeking protective relief under VAWA).


## II. CONSTITUTIONAL AND STATUTORY VIOLATIONS

### A. Retaliation in Violation of the Violence Against Women Act (VAWA)

8. Pursuant to VAWA and specifically 34 U.S.C. § 12491, the Defendant is entitled to protection against adverse actions taken in retaliation for the lawful pursuit of safety through civil protective orders. The conduct of Union County officials, including willful disregard for active protection orders and punitive probationary decisions, contravenes both the letter and spirit of these federal protections.

9. Furthermore, the conduct of the probation officials of NC in October of 2024 retaliating against the Defendant for motions and oppositions in a Virginia state and federal case for protection, remedial justice, and due process was prejudical, discriminatory, biased, and harmful to this case and the tenants by which the state is supposed to uphold their end of the plea.

## B. Fourth and Eighth Amendment Infractions

10. The imposition of electronic monitoring and house arrest in the absence of probable cause, due process, procedural safeguards, or underlying violations constitutes an unlawful and unconstitutional continuous and ongoing search and seizure. It violates the Fourth Amendment to the United States Constitution and the violate the spirit and letter of the laws and protections in the North Carolina constitution and general statutes.

11. The Defendant has been subjected to excessive and punitive conditions— disproportionate to any alleged noncompliance—which collectively constitute cruel and unusual punishment in contravention of the Eighth Amendment.

## C. Procedural Due Process Violations Under the Fifth and Fourteenth Amendments

12. The Defendant was denied notice and a meaningful opportunity to contest adverse actions instigated by the false allegations of an identified abuser, whose criminal record and retaliatory motives were well documented.

13. These deprivations of liberty and reputational harm occurred absent any legitimate legal justification, thereby violating the procedural due process clauses of the Fifth and Fourteenth Amendments.

14. Additionally, the Defendant is this matter was not afforded the right of due process to request an extension despite repeated attempts to do so lawfully with the probation officer and my attorney.

15. Furthermore, the actions that were taken as a result of the wrongfully labeled violation of completion of community service was unlawful and prejudicial. The actions of the probation officer denied due process and equal protection, violating the Fifth and Fourteenth Amendements.

16. Probation officers acted in bad faith, misrepresenting facts and failing to provide the Defendant a copy of reports submitted to the DA's office.

17. Such failures constitute a deprivation of liberty and reputation without due process, in violation of both the Fifth and Fourteenth Amendments.

## D. First Amendment Violations (Protected Speech and Conduct)

18. The Defendant's recourse to judicial protection via protective orders and VAWA petitions constitutes protected speech and conduct under the First Amendment.

19. Additionally, The Defendant's recourse to judicial protection via injunctive relief, declaratory judgment, or reports to ethics committees or supervisory officers of probation officials is protected speech and conduct under the First Amendment, especially when defending personal constitutional rights, or revealing and disclosing violations of, misrepresentations, misconduct, unlawful, or illegal conduct by probation officers or legal entities.

20. Adverse action taken in response to such constitutionally protected activity constitutes impermissible viewpoint discrimination and infringes upon core First Amendment liberties.

21. Any such conduct that involves the Defendant's conduct that is legal, lawful, and that of a consenting adult is not to be infringed upon as such measures were not included in the plea agreement for conditional discharge and any such modifications violated NC General Statutes for this type of dispensation, and that of the First Amendment while enhancing the violations of the aforementioned Fourth, Fifth, Eighth and Fourteenth Amendments.

## E. Sixth Amendment Denial of the Right to Counsel

22. Despite repeated and proper invocations of the right to appointed counsel in both Virginia and North Carolina proceedings, the Defendant was deprived of effective assistance and penalized for asserting said right.

23. Furthermore, the Defendant's former attorney, Edward Martin, breached attorney-client privilege by disclosing protected communications to Probation Officer Angelina Ortiz, thereby violating ethical duties under North Carolina Rules of Professional Conduct and federal constitutional guarantees.

## III. PATTERN OF OFFICIAL MISCONDUCT AND SYSTEMIC RETALIATION

24. The cumulative actions of the District Attorney, probation officers, and court-appointed counsel evince a pattern of misconduct motivated by animus, discrimination, and intent to suppress the Defendant's protected rights. Such actions include:

- Ignoring and failing to enforce valid protective orders;
- Collaborating with an adjudicated abuser to undermine the Defendant's legal standing;
- Imposing disproportionate and extralegal sanctions despite demonstrated compliance;
- Deliberately delaying or refusing legitimate procedural accommodations (e.g., community service extensions, ICOTS transfer request);
- Blocking access to impartial hearings and retaliating for reporting abuse by probation officers in NC and VA.

25. These acts reflect a systematic breach of due process and equal protection, warranting immediate judicial intervention and redress.

## A. Unauthorized Modification of Conditional Discharge

26. Affidavit testimony illustrates that probation authorities in North Carolina and Virginia
engaged in acts outside their lawful authority, including unauthorized imposition of
electronic surveillance, coerced evaluations, and submission of false reports—all in direct
contravention of the original terms of conditional discharge.

## B. Improper Invocation of ICOTS and Abuse of Compact Authority

27. Probation officers—namely Ortiz, Leftwich, Battle (NC), and Harrison (VA)—have
acted in concert to impose sanctions, restrict lawful travel, and circumvent established
judicial approvals. These extrajudicial actions inflicted both psychological harm and
deprivation of physical liberty, all without due process or legal justification.

## C. Abuse of Protected Status Under VAWA

28. The protective orders issued against the Defendant's abuser were not only ignored but
weaponized against the Defendant. This conduct constitutes a direct violation of
VAWA's non-discrimination clauses and contradicts 34 U.S.C. §§ 12291 and 12491.

## D. Legal Representation Breakdown and Ethical Misconduct

29. Attorney Edward Martin, contrary to professional obligations, disclosed privileged
information and failed to advocate for the Defendant's legal and constitutional rights.
Defendant was further punished for requesting an extension to their community service
(Defendant requested a one-week extension), receiving life-saving medical care due to a
medical emergency requiring ambulatory care and admittance, despite timely notice, and
then excluded from meetings that materially affected legal standing and compliance.

## E. Basis for Dismissal with Prejudice

30. The pattern of constitutional violations, ethical breaches, and misuse of discretion
compels this Court to dismiss the matter with prejudice and initiate corrective inquiries
into the conduct of the implicated officials.


## IV. SUPPORTING CASE LAW

- **Terry v. Ohio**, 392 U.S. 1 (1968): Arbitrary restraint without probable cause violates the
4th Amendment.
- **Goldberg v. Kelly**, 397 U.S. 254 (1970): Requires procedural due process before
deprivation of state-granted benefits or statuses.
- **Hope v. Pelzer**, 536 U.S. 730 (2002): Eighth Amendment prohibits gratuitously punitive
state action.
- **Monell v. Dept. of Soc. Servs.**, 436 U.S. 658 (1978): Local officials acting under policy
or custom that violates constitutional rights may be held liable under § 1983.

- **Cleveland Bd. of Educ. v. Loudermill**, 470 U.S. 532 (1985): Even conditional employment or benefits require meaningful opportunity to respond before deprivation.

## V. DOCUMENTS SUBMITTED IN SUPPORT

1. Affidavit #1 – Coercion and Denial of Counsel (February 17, 2025)
2. Affidavit #2 – Retaliation, Color of Law Violations, and ICOTS Misapplication (February 28, 2025)

## VI. PRAYER FOR RELIEF

WHEREFORE, the Defendant respectfully requests that this Court:

A. Accept and docket all submitted affidavits as evidentiary exhibits;
B. That this Court recognize the pattern of abuse and constitutional violations;
C. Exclude from consideration any unauthorized evaluations, communications, violations, discretionary authorities, or reports made without counsel present, due process, or counsel;
D. Dismiss all pending charges and supervisory conditions with prejudice;
E. Grant immediate and final discharge from probation or conditional discharge obligations;
F. Initiate formal inquiries into misconduct by Attorney Edward Martin, the Union County District Attorney's Office, and all named probation officers;
G. Impose judicial sanctions as appropriate to remedy the harm caused and to deter further violations of law and ethics.

Dated: 24 March 2025

Respectfully submitted,

Antonio Gregory Brooks
Defendant, *Pro Se & In Forma Pauperis*
2701 Park Center Drive, Apt 905B
Alexandria, VA 22302
(910) 987-0787
antoniobrooks20@gmail.com

## VII. CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **Motion** will be mailed to the Clerk of Court office and pursuant to *my pro se and in forma pauperis* status, service will be executed on all the

registered or appliable parties, as required by the laws, rules and regulations of the State of North Carolina and the United States of America.

I declare under penalty of perjury pursuant to **28 U.S.C. § 1746** and under the laws of the United States of America that the foregoing is true and correct.

**Executed on:**  24 March 2025

Signature: _____

Antonio Gregory Brooks
Defendant, *Pro Se & In Forma Pauperis*

DATE: February 28, 2025
TIME: 11:39:10 AM
UNION COUNTY
CLERK OF SUPERIOR COURT
BY: B. Ciucevich

STATE OF NORTH CAROLINA
COUNTY OF UNION

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
23CR344255-890

|  |  |  |
|---|---|---|
| STATE OF NORTH CAROLINA | ) | |
| | ) | |
| vs. | ) | NOTICE OF HEARING |
| | ) | |
| ANTONIO GREGORY BROOKS | ) | |
| Defendant | ) | |
| | ) | |

NOW COMES the State of North Carolina, by and through the undersigned Assistant District Attorney for the 30th Prosecutorial District, and gives notice of hearing to the above-referenced defendant to address the defendant's motion filed styled "MOTION FOR COURT OVERSIGHT OF PROBATION AND CONDITIONAL DISCHARGE COMPLIANCE, DISMISSAL WITH PREJUDICE, AND APPOINTMENT OF COUNSEL" filed with the Union County Clerk of Court on 28 January 2025. This motion hearing shall take place in Superior Court on April 14th, 2025, beginning at 10:00 am.

This, the 4th day of February, 2025.

Thomas Clark
Assistant District Attorney
Prosecutorial District 30
Post Office Box 1065
Monroe, North Carolina 28111

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date served a copy of the foregoing Notice of
Hearing upon the following:

Ed W. Martin
Counsel for the Defendant
SeiferFlatow, PLLC
2319 Crescent Ave.
Charlotte, NC 28207

Antonio Gregory Brooks
2701 Park Center Drive
Apt. B905
Alexandria, VA 22302

This, the 4th day of February, 2025.

Thomas Clark
Assistant District Attorney
Prosecutorial District 30
Post Office Box 1065
Monroe, North Carolina 28111

STATE OF NORTH CAROLINA

IN THE GENERAL COURT OF JUSTICE

SUPERIOR COURT DIVISION

UNION COUNTY

FILE NO: 23CR344255-890

FILED

2025 JAN 28 P 1: 33

UNION CO., C.S.C.

BY

STATE OF NORTH CAROLINA

v.

ANTONIO BROOKS

**MOTION FOR COURT OVERSIGHT OF PROBATION AND CONDITIONAL DISCHARGE COMPLIANCE, DISMISSAL WITH PREJUDICE, AND APPOINTMENT OF COUNSEL**

COMES NOW the Defendant, Antonio Brooks, pro se, and respectfully moves this Honorable Court for oversight regarding probation supervision, penalties, and compliance with the conditions of the Defendant's conditional discharge. The Defendant also seeks dismissal of the charges with prejudice due to the actions of legal counsel and the probation office, as well as the appointment of counsel to ensure fair representation and effective relief. In support of this motion, the Defendant states as follows:

1. Background

1. The Defendant entered into a plea agreement in or around June 2024, resulting in a conditional discharge under the following terms:

a. 18 months of supervised probation.

b. Completion of 24 hours of community service.

c. Payment of all court costs and fines.

2. The Defendant has complied with and resolved all conditions of the conditional discharge, including:

a. Full payment of all fines and court costs.

b. Completion of all 24 hours of community service.

3. Despite meeting these conditions, the Defendant has faced significant barriers caused by:

a. Improper supervision practices by the probation office, including punitive measures such as electronic monitoring.

b. Ineffective assistance and improper withdrawal of legal counsel, leaving the Defendant without adequate representation during critical periods of compliance.

2. Issues with Probation Supervision

a. Electronic Monitoring (EM/GPS):

• The Defendant was subjected to electronic monitoring allegedly for traveling outside North Carolina. This action was imposed despite the Defendant having standing permission to travel and no formal notice of noncompliance being issued by probation officers.

b. Community Service Delays:

• The Defendant faced penalties for delays in completing community service hours, which were caused by communication failures between the probation office and defense counsel, rather than any fault of the Defendant.

c. Probation Transfer Issues:

• The transfer of probation supervision to Virginia under the Interstate Compact for Adult Offender Supervision (ICAOS) was mishandled, resulting in undue confusion, procedural discrepancies, and potential noncompliance risks that were not the fault of the Defendant.

3. Ineffective Assistance and Improper Withdrawal of Counsel

1. Failure to Provide Effective Representation:

• The Defendant's legal counsel failed to provide adequate advice or representation during critical stages of probation supervision and compliance. Counsel ignored repeated requests for guidance and failed to advocate for the Defendant's rights.

2. Improper Withdrawal Without Notice or Cause:

• Legal counsel informed the Defendant on October 29, 2024, that he was no longer representing the Defendant. However, counsel failed to:

a. Provide a formal reason or justification for withdrawing.

b. Notify the Court of his withdrawal as required under North Carolina Rule of Professional Conduct 1.16(c).

c. Protect the Defendant's interests during the transition, leaving the Defendant without legal representation despite active compliance issues.

3. Counsel Listed on Record Despite Withdrawal:

• Despite stating he no longer represented the Defendant, counsel remains listed as the attorney of record in court documents. This has caused procedural delays and confusion, further infringing on the Defendant's rights.

4. Impact on Defendant:

• The lack of proper legal representation has significantly hindered the Defendant's ability to navigate the probation process, address penalties imposed without cause, and seek relief for procedural discrepancies.

4. Grounds for Dismissal with Prejudice

1. The Defendant has fully complied with all conditions of the conditional discharge, resolving fines, court costs, and community service.

2. The probation office's improper actions, including punitive measures and procedural failures, constitute misconduct that has unfairly impacted the Defendant's compliance and rights.

3. Legal counsel's ineffective representation and improper withdrawal have denied the Defendant fair representation and protection of his rights.

4. These cumulative actions have undermined the integrity of the probation process, warranting dismissal with prejudice to prevent further injustice.

5. Relief Requested

The Defendant respectfully requests that this Court:

a. Dismiss All Charges with Prejudice:

• Dismiss all charges related to the conditional discharge with prejudice due to the actions of the probation office and legal counsel, as well as the Defendant's full compliance with all conditions.

b. Appoint Counsel for Relief:

• Appoint legal counsel to assist the Defendant in pursuing necessary relief and ensuring fair representation in addressing these matters.

c. Investigate Probation Office Actions:

• Investigate the imposition of electronic monitoring, penalties for alleged noncompliance, and procedural discrepancies in the probation transfer process.

d. Clarify Probation and Conditional Discharge Terms:

• Provide a clear statement of the Defendant's compliance status and confirm that all conditions of the conditional discharge have been satisfied.

e. Ensure Procedural Oversight:

• Establish measures to ensure fair and effective oversight of probation supervision for the remainder of the conditional discharge period.

6. Conclusion

WHEREFORE, the Defendant respectfully prays that this Honorable Court grant this Motion, dismiss all charges with prejudice, appoint counsel, provide the requested oversight and relief, and take such other actions as the Court deems just and proper.

Respectfully submitted this 22 day of JANUARY, 2025.

Antonio Brooks

2701 Park Center Drive, Apt B905

Alexandria, VA 22302

910-987-0787

Antonio Brooks
2701 Park Center Dr., Apt B905
Alexandria, VA 22302

State of North Carolina         > File No. County of Hearing
                                > File No. County of Origin  23344255

                                        In the General Court of Justice
MECKLENBURG   County CHARLOTTE    Seat of Court    District  x Superior

STATE VERSUS

BROOKS, ANTONIO GREGORY                     DELEGATED AUTHORITY
                                            VIOLATION REPORT


BLACK/AFRICAN AMERICAN   MALE DOB: 11/10/1992     G.S. 15A-1343.2(e) and (f)

_____

                        ADMINISTRATIVE REVIEW
The non-compliance violations listed on this violation report were reviewed
with BATTLE, BRIAN K.    Chief Probation Officer on 10/16/2024

                     SIGNATURE OF PROBATIONER
I have received a copy of this Violation Report and have been informed of my
failure to comply with one or more of the conditions of probation imposed by
the court. I have been informed of the probation officer's decision to exercise
the authority previously delegated by the court to impose additional
requirement(s). I have been advised of my rights to seek review of the
action taken by filing a motion with the court pursuant to 15A-1343.2(e)
and (f). I understand that the additional requirement(s) go into
immediate effect.

        Signature of Probationer                    Date

                OATH AND SIGNATURE OF OFFICER
I have read the Violation Report, and state that the contents are true to my
own knowledge except those which are stated upon information and belief, and as
to them I believe that they are true.

Angelyn Ortiz  PPO II  10/16/24
    Signature        Name(Type or Print)    Title        Date

SWORN AND SUBSCRIBED TO     Gale Staton
                              Signature of Person Authorized to Administer Oaths

on 10/16/24 .     __Deputy CSC/Assist CSC    __Superior Court Clerk
   Date           __Magistrate               __Notary Public

                  Date Commission Expires: 02/08/27

The probation officer, being duly sworn, states that the defendant was placed
on probation pursuant to the following Judgment Suspending Sentence

```
 Date of          County
Judgment   Court  of Origin   File No.  Offense                    Counts
06/14/2024 SUP    UNION       23344255  DISCLOSURE OF PRIVATE IM       001
```

Length of Term of Probation: 0 YRS.  18 MOS  0 DYS.
Sentencing Judge: SMITH,MATTHEW


Of the conditions of probation imposed in that judgment, the defendant has
failed to comply by violating:
 1. Condition of Probation "Complete Community Service as directed by the
    Community Service Coordinator..." in that
    AS OF THE DATE OF THIS REPORT THE DEFENDANT FAILED TO
    COMPLETE 24 HOURS OF COMMUNITY SERVICE WITHIN THE FIRST 120
    DAYS OF PROBATION.


The Division of Community Supervision exercises its authority and imposes the
following additional condition(s)  (G.S. 15A-1343.2(e) & (f))

 1. Submit to a curfew which requires the offender to remain in a specified
    place for a specified period each day and wear a device that permits
    the offender's compliance to be monitored electronically.



North Carolina Department of Adult Correction, Community Supervision

DCS-2
2/23

# STATE OF NORTH CAROLINA

**UNION** _____ **County**

File Number _____ **23CRS344255**

In the General Court of Justice

☐ District    ☒ Superior Court Division

| STATE VERSUS | |
|---|---|
| Name of Defendant | |
| **ANTONIO BROOKS** | |

FILED
2024 AUG 20
UNION CO. C.S.C.

**Agreement to Comply with Conditions**  G.S. 15A-1343(c)
**Payment Schedule**  G.S. 15A-1343(c1),(g)
**Waiver of Extradition Proceedings**  G.S. 15A-1343(b)(17),(c)

## Agreement to Comply

Pursuant to G.S. 15A-1343(c), I acknowledge that I have received a copy of the probation judgment which contains all the conditions of probation and agree to comply with the conditions imposed by the court.

DEFENDANT SIGNATURE: _Antonio N Brooks_    DATE: 8/15/2024

## Payment Schedule

The defendant shall pay to the Clerk of Court, as determined by the probation officer, the Total Amount Due as shown below at the rate of $ 96.82 per MONTH beginning on 07/14/2024 and continuing each MONTH until paid in full. This schedule includes the monthly supervision fee.

TOTAL AMOUNT DUE: $ 635.50 + $ 40.00 per month supervision fee

DEFENDANT SIGNATURE: _Antonio N Brooks_    DATE: 8/15/2024

## Waiver of Extradition (for all felony convictions with an offense date on or after 12/01/16)

I do hereby waive extradition to the State of North Carolina from any state of the United States and also agree that I will not contest any effort by any state to return me to the State of North Carolina for any probation violation proceeding.

DEFENDANT PRINTED NAME: ANTONIO G BROOKS    DATE: 8/15/2024

DEFENDANT SIGNATURE: _Antonio N Brooks_

WITNESS PRINTED NAME: Angelyn Ortiz

WITNESS SIGNATURE: A Ortiz

Distribution
Original: Clerk of Court
Copy: Defendant
Copy: Probation/Parole Officer File

# STATE OF NORTH CAROLINA

| | File No. | 23CRS344255 |
|---|---|---|

UNION _____ County __Monroe__ _____ Seat Of Court

**In The General Court Of Justice**
☐ District  ☒ Superior Court Division

## STATE VERSUS

Name Of Defendant
ANTONIO BROOKS

| Drivers License No. | State | Race | Sex |
|---|---|---|---|
| [redacted] | NC | B | M |

| Date Of Birth | Full Social Security No. | Age At Time Of Offense |
|---|---|---|
| 11/10/1992 | [redacted] | 30 |

### CONDITIONAL DISCHARGE
### UNDER G.S. 15A-1341(a4)
### (For Offenses Committed On Or After Dec. 1, 2016)

G.S. 15A-1341(a4)

| Attorney For State | | | Attorney For Defendant | | |
|---|---|---|---|---|---|
| THOMAS CLARK | ☐ Def. Found Not Indigent | ☐ Def. Waived Attorney | EDWARD MARTIN | ☐ Appointed ☒ Retained | Crt Rptr Initials |

The defendant was found guilty/responsible, pursuant to ☒ plea (☐ pursuant to *Alford*) (☒ of no contest)  ☐ trial by judge  ☐ trial by jury, of

| File No.(s) | Off. | Offense Description | Offense Date | G.S. No. | F/M | CL. |
|---|---|---|---|---|---|---|
| 23CRS344255 | 1 | DISCLOSE PRIVATE IMAGES/ADULT | 03/23/2023 | 14-190.5A(B) | F | H |

## MOTION

Now come the State and defendant and jointly move the Court to defer further proceedings in the case(s) above and place defendant on probation pursuant to G.S. 15A-1341(a4) for the purpose of allowing defendant to demonstrate good conduct. In support of said motion, defendant after being duly sworn further states under oath that he/she has not previously been placed on probation.

| Date | Signature Of Prosecutor | Signature Of Attorney For Defendant (if represented) |
|---|---|---|
| 06/14/2024 | | |

### SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME

| | Date | |
|---|---|---|
| Date 06/14/2024 | Signature | Signature Of Defendant (under oath) 06/14/2024 |
| ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |
| ☐ District Court Judge  ☐ Superior Court Judge | | |

## FINDINGS AND ORDER

Upon the foregoing Motion and a review of the record, the Court hereby
☒ grants the Motion, based upon the following findings:
1. Each known victim of the crime has been notified of the motion for probation by subpoena or certified mail and given an opportunity to be heard.
2. The defendant has not been convicted of any felony or of any misdemeanor involving moral turpitude.
3. The defendant has not previously been placed on probation.
4. The defendant is unlikely to commit another offense other than a Class 3 misdemeanor.
☐ denies the Motion. (optional) ☐ in its discretion. ☐ because: _____

## DEFERRAL OF PROCEEDINGS AND PLACEMENT ON PROBATION

1. The Court, without entering a judgment of guilt, Orders that further proceedings in this matter be deferred and places the defendant on ☒ supervised ☐ unsupervised probation for __18__ months (max. of 2 years, G.S. 15A-1342(a)) as provided for a ☒ community punishment. ☐ intermediate punishment (AOC-CR-603D, Page Two, required).
☐ 2. The Court finds that it is NOT appropriate to delegate to the Division of Community Supervision and Reentry the authority to impose any of the requirements in G.S. 15A-1343.2(e) for community punishment or G.S. 15A-1343.2(f) for intermediate punishment.
☐ 3. The Court finds that a ☐ longer ☐ shorter period of probation is necessary than that which is specified in G.S. 15A-1343.2(d).
☐ 4. The defendant shall provide a DNA sample pursuant to G.S. 15A-266.4. (AOC-CR-319 required)
5. Upon violation of a term or condition of probation by the defendant, the Court reserves the authority to enter an adjudication of guilt and proceed as otherwise provided against the defendant. Upon fulfillment of the terms and conditions by the defendant, the Court shall discharge the defendant and dismiss the proceedings against the defendant.
☒ 6. Except as ordered to appear earlier for a hearing on alleged violation(s) or as otherwise ordered by the Court, the defendant shall return to this Court on (date) 12-15-25 for a hearing to determine fulfillment of the terms and conditions of probation.

## MONETARY CONDITIONS

The defendant shall pay to the Clerk of Superior Court the "Total Amount Due" shown below, plus the probation supervision fee if placed on supervised probation above, pursuant to a schedule ☒ determined by the probation officer. ☐ set out by the court as follows: _____

| Costs | Fine | Restitution* | Attorney's Fees | Comm Serv Fee | EHA Fee | Appt Fee/Misc | Total Amount Due |
|---|---|---|---|---|---|---|---|
| $ 355.50 | $ | $ | $ | $ 250.00 | | $ | $ 605.50 |

*See attached "Restitution Worksheet, Notice And Order (Initial Sentencing)" AOC-CR-611, which is incorporated by reference.
☐ The Court finds just cause to waive costs, as ordered on the attached ☐ AOC-CR-618. ☐ Other: _____
☐ Upon payment of the "Total Amount Due," the probation officer may transfer the defendant to unsupervised probation.

Material opposite unmarked squares is to be disregarded as surplusage.
(Over)

AOC-CR-632D, Rev. 1/23, © 2023 Administrative Office of the Courts

clBk.prob-3

## REGULAR CONDITIONS OF PROBATION - G.S. 15A-1343(b)

NOTE: *Any probationary judgment may be extended pursuant to G.S. 15A-1342.* The defendant shall: (1) Commit no criminal offense in any jurisdiction. (2) Possess no firearm, explosive device, or other deadly weapon listed in G.S. 14-269. (3) Remain gainfully and suitably employed or faithfully pursue a course of study or vocational training, that will equip the defendant for suitable employment, and abide by all rules of the institution. (4) Satisfy child support and family obligations, as required by the Court. (5) Submit to the taking of digitized photographs, including photographs of the defendant's face, scars, marks, and tattoos, to be included in the defendant's records. If the defendant is on supervised probation, the defendant shall also: (6) Not abscond, by willfully avoiding supervision or by willfully making the defendant's whereabouts unknown to the supervising probation officer. (7) Remain within the jurisdiction of the Court unless granted written permission to leave by the Court or the probation officer. (8) Report as directed by the Court or the probation officer to the officer at reasonable times and places and in a reasonable manner, permit the officer to visit at reasonable times, answer all reasonable inquiries by the officer and obtain prior approval from the officer for, and notify the officer of, any change in address or employment. (9) Notify the probation officer if the defendant fails to obtain or retain satisfactory employment. (10) Submit at reasonable times to warrantless searches by a probation officer of the defendant's person and of the defendant's vehicle and premises while the defendant is present, for purposes directly related to the probation supervision, but the defendant may not be required to submit to any other search that would otherwise be unlawful. (11) Submit to warrantless searches by a law enforcement officer of the defendant's person and of the defendant's vehicle, upon a reasonable suspicion that the defendant is engaged in criminal activity or is in possession of a firearm, explosive device, or other deadly weapon listed in G.S. 14-269 without written permission of the court. (12) Not use, possess, or control any illegal drug or controlled substance unless it has been prescribed for the defendant by a licensed physician and is in the original container with the prescription number affixed on it; not knowingly associate with any known or previously convicted users, possessors, or sellers of any such illegal drugs or controlled substances; and not knowingly be present at or frequent any place where such illegal drugs or controlled substances are sold, kept, or used. (13) Supply a breath, urine, or blood specimen for analysis of the possible presence of prohibited drugs or alcohol when instructed by the defendant's probation officer for purposes directly related to the probation supervision. If the results of the analysis are positive, the probationer may be required to reimburse the Division of Community Supervision and Reentry of the Department of Adult Correction for the actual costs of drug or alcohol screening and testing. (14) *(applies only if judgment deferred for felony)* Waive all rights relating to extradition proceedings if taken into custody outside of this State for failing to comply with the conditions imposed by the court.

## SPECIAL CONDITIONS OF PROBATION - G.S. 15A-1343(b1)

The defendant shall also comply with the following special conditions which the Court finds are reasonably related to the defendant's rehabilitation:

☐ 15. Surrender the defendant's drivers license to the Clerk of Superior Court for transmittal/notification to the Division of Motor Vehicles and not operate a motor vehicle for a period of _____ or until relicensed by the Division of Motor Vehicles, whichever is later.

☐ 16. Successfully pass the General Education Development Test (G.E.D.) during the first _____ months of the period of probation.

☒ 17. Complete ___24___ hours of community service during the first ___120___ days of the period of probation, as directed by the judicial services coordinator. The fee prescribed by G.S. 143B-1483 is
    ☐ not due because it is assessed in a case adjudicated during the same term of court.
    ☒ to be paid   ☒ pursuant to the schedule set out under Monetary Conditions on the reverse.  ☐ within _____ days of this Conditional Discharge and before beginning service.

☐ 18. Report for initial evaluation to _____ and participate in all further evaluation, counseling, treatment, or education programs recommended as a result of that evaluation, and comply with all other therapeutic requirements of those programs until discharged.

☐ 19. Not assault, threaten, harass, be found in or on the premises or workplace of, or have any contact with _____ "Contact" includes any defendant-initiated contact, direct or indirect, by any means, including, but not limited to, telephone, personal contact, e-mail, pager, gift-giving, telefacsimile machine or through any other person, except _____

☐ 20. Abstain from alcohol consumption and submit to continuous alcohol monitoring for a period of _____ ☐ days, ☐ months, the Court having found that a substance abuse assessment has identified defendant's alcohol dependency or chronic abuse.

☒ 21. Other:
    DEFENDANT IS NOT TO RECEIVE ANY NEW CRIMINAL CHARGES

    DEFENDANT IS TO HAVE NO CONTACT WITH ███████

    Supervised probation to be transferred to Mecklenburg County

☐ 22. Comply with the Special Conditions Of Probation which are set forth on AOC-CR-603D, Page Two.

| | SIGNATURE OF JUDGE | |
|---|---|---|
| Date | Name Of Presiding Judge (type or print) | Signature Of Presiding Judge |
| 06/14/2024 | HON. MATTHEW B. SMITH | |

## CERTIFICATION BY CLERK

I certify that this Conditional Discharge Under G.S. 15A-1341(a4) and the attachment(s) marked below is a true and complete copy of the original which is on file in this case.

☐ 1. Judgment Suspending Sentence (AOC-CR-603D, Page Two) (additional conditions of probation)
☐ 2. Restitution Worksheet, Notice And Order (Initial Sentencing) (AOC-CR-611)
☐ 3. Additional File No.(s) And Offense(s) (AOC-CR-626)
☐ 4. Other: _____

| Date | Name (type or print) | Signature Of Clerk | ☐ Deputy CSC ☐ Asst. CSC | SEAL |
|---|---|---|---|---|
| 06/14/2024 | | | ☐ Clerk Of Superior Court | |

**NOTE TO CLERK:** *Upon entry of a final order discharging the defendant and dismissing the charge(s) against him/her, forward a certified copy of this Conditional Discharge and the dismissal order (AOC-CR-635 or other order) to the Administrative Office of the Courts at NCAOC, Records Officer, PO Box 2448, Raleigh, NC 27602.*

Material opposite unmarked squares is to be disregarded as surplusage.

AOC-CR-632D, Side Two, Rev. 1/23
© 2023 Administrative Office of the Courts

***NOTICE*** YOU ARE TO PAY ALL M( )ES TODAY (UNLESS GIVEN TIME TO PAY B( )E JUDGE)

**STATE OF NORTH CAROLINA**

Union County

23CR53344255

| STATE VERSUS | In The General Court of Justice<br>District Court Division |
|---|---|
| Antonio Brooks | **CRIMINAL BILL OF COSTS** |

☑ UCSO/SHP (22500) __ MONROE (23500) __ MARSHVILLE (23501) __ WAXHAW (23502) __ WINGATE (23503) __ STALLINGS (23504)
Other

| District | ☐ CRDC $183.00    ☐ CRTC $193.00    ☐ IFC $181.00    ☐ IFTC $191.00 |
|---|---|
| | ☐ SB Helmet $177.00 ($151.50 cost & $25.50 Fine) |
| Superior | ☐ CRSC $208.00    ☐ CRSC $218.00 ($10.00 Ch 20) 21820    ☑ CRDS $355.50 |
| | ☐ CRDS $365.50 ($10.00 Ch 20) 21820    ☐ CRDA $378.50    ☐ CRTA $398.50 |
| | ☐ IFDA (Sup) $374.50    ☐ IFTA (Superior-IF Ch 20) $394.50 |
| Seat Belt | ☐ SB(Sup) $184.00 ($158.50cost/$25.50fine) |

| PROCESS FEE UNION COUNTY    $5.00 Each #Served _____ X $_____ | 22500 |
|---|---|
| Other County:    $5.00 Each $_____ | 295 |
| JAIL FEES DUE COUNTY $10.00 a day    # Days  1  X $ 10.00 | 22600 |
| JAIL FEES (Post-Trial)  $40.00 a day    # Days _____ X $_____ | 22620 |

PROCESS FEE-CITY  #Served _____ X    $5.00  $_____  Monroe  $_____  Marshville
$_____ Waxhaw  $_____ Wingate  $_____  Stallings  $_____  Other _____

| COST DUE STATE | EHA Fee | ☐ | $90.00 | | 24325 |
|---|---|---|---|---|---|
| | EHA Daily fee # of Days _____ | ☐ | $_____ | $4.48 per day | 24326 |
| | SBM Sex Offender Fee | ☐ | $90.00 | | 24330 |
| Offense before 12/1/12 | (CAM) Alcohol Mon. Fee | ☐ | $_____ | | 26925 |
| | Limited Driving Privilege Fee | ☐ | $100.00 | | 24335 |
| | Impaired Driving Fee | ☐ | $100.00 | | 21830 |
| | Impaired Driving Fee-Appeal | ☐ | $200.00 | | 21835 |
| | Improper Equipment | ☐ | $50.00 | | 21560 |
| | Improper Equipment-Appeal | ☐ | $100.00 | | 21565 |
| | FTA Fee   District | ☐ | $200.00 | | 21211 |
| | FTA Fee   Superior | ☐ | $200.00 | | 21111 |
| | Installment Fee | ☒ | $20.00 | | 21810 |
| | SBI Lab Fee | ☐ | $600.00 | | 24320 |
| | Expert Witness Fee (LAB) | ☐ | $600.00 | | 24321 |

*Joe Deese*

*JUN 18 2024*

| | $ 385.50 | **TOTAL COST DUE** |
|---|---|---|
| FINES DUE THE COUNTY | $_____ | 22700 |
| COMMUNITY SERVICE FEE | ☒ $250.00 | 24202 |
| REIMBURSE ATTORNEY FEES | $_____ | 24610 |
| ATTORNEY APPT. FEES | ☐ | ~~$75.00~~ | 24612 | $70.00 |
| | | | 24615 | $5.00 |

| Other Fees | Witness Fees | ☐ $_____ | ☐ 24672 | ☐ 24671 |
|---|---|---|---|---|
| | Interpreter Fee | ☐ $_____ | ☐ 24652 | ☐ 24651 |

| RESTITUTION  ☐ Jointly & Severally Liable  ☐ See Back  $_____ | 26110 Full Payment |
|---|---|
| Name: | 20100 Partial Pay. |
| Address: | City, State, Zip: |

PROBATION SUPERVISION  ☐ Surrender License
☒ B - Supervised Probation  ☐ U - Unsupervised  ☐ N - Not Collecting Fee

| TOTAL DUE: $ 635.50 |
|---|

Date: 6-14-24    Name of Clerk: BCiucevich    Due By: Review 12-15-25

| CASH BOND AMOUNT $_____    FORFEITURE | I, _____ |
|---|---|
| Paid by:_____    ☐ YES ☐ NO | wish to apply my cash bond to any monies due the court,<br>The balance if any to be refunded to me. |

Revised 02/01/2022

## RESTITUTION

☐ 26110 (FULL)          ☐ 20100 (PARTIAL)

Name & Case No. of Defendant Jointly Liable

Name _____
Address _____
City/State/Zip _____
Phone # _____
Victim _____    Amount Due    $ _____

Name _____
Address _____
City/State/Zip _____
Phone # _____
Victim _____    Amount Due    $ _____

Name _____
Address _____
City/State/Zip _____
Phone # _____
Victim _____    Amount Due    $ _____

****Bookkeeping needs full name of Payee to receive restitution.
We Also need Complete Address and phone number.***

# STATE OF NORTH CAROLINA

**UNION** _____ County

| | File No. |
|---|---|
| | 23CRS344255 |

In The General Court Of Justice
☐ District  ☒ Superior Court Division

**STATE VERSUS**

| Name Of Defendant | |
|---|---|
| ANTONIO BROOKS | **TRANSCRIPT OF PLEA** |

| DOB | Age | Highest Level Of Education Completed | |
|---|---|---|---|
| 11/10/1992 | 31 | College | G.S. 15A-1022, 15A-1022.1 |

**NOTE:** *Use this section ONLY when the Court is rejecting the plea arrangement.*
☐ The plea arrangement set forth within this transcript is hereby rejected and the clerk shall place this form in the case file.

| Date: | Name Of Presiding Judge (type or print) | Signature Of Presiding Judge |
|---|---|---|
| | | |

**NOTE TO COURT FOR DEFENDANT APPEARING BY REMOTE AUDIO-VIDEO CONNECTION:** *If defendant is unrepresented, obtain a waiver of the defendant's right to physical presence on form AOC-CR-411 before beginning the plea colloquy. If defendant is represented, address the defendant directly and obtain defendant's waiver of the right to be present pursuant to the colloquy in this section.*

The undersigned judge finds that the defendant appeared before the court by remote audio and video transmission, was represented by counsel, and having been addressed personally by the court, knowingly, intelligently, and voluntarily waived the right to personal appearance at this proceeding in response to the questions set out below:

(i). Are you currently able to hear and see me, your lawyer(s), and the attorney for the State from your current location, either in person or over the audio and video transmission?  (i) _____

(ii). Has your attorney explained to you that you have a right to be present physically in court for this plea, the possible consequences of waiving that right, that you do not have to waive that right, and that if you do not waive that right, this plea will be conducted in person without an unreasonable delay?  (ii) _____

(iii). Do you understand that by agreeing to participate in this proceeding by audio and video transmission, you are giving up your right to be present physically?  (iii) _____

(iv). Do you now waive your right to be present physically and agree to having this proceeding today by means of audio and video transmission?  (iv) _____

The undersigned judge, having addressed the defendant personally in open court, finds that the defendant (1) was duly sworn or affirmed, (2) entered a plea of ☐ guilty ☐ guilty pursuant to *Alford* decision ☒ no contest, and (3) offered the following answers to the questions set out below:

**Answers**

1. Are you able to hear and understand me?  (1) YES

2. Do you understand that you have the right to remain silent and that any statement you make may be used against you?  (2) YES

3. At what grade level can you read and write?  (3) College

4. (a) Are you now using or consuming alcohol, drugs, narcotics, medicines, pills, or any other substances?  (4a) YES
   (b) When was the last time you used or consumed any such substance?  (4b) Last night
   (c) How long have you been using or consuming this medication or substance?  (4c) 10 years
   (d) Do you believe your mind is clear, and do you understand what you are doing in this hearing?  (4d) YES

5. Have the charges been explained to you by your lawyer, and do you understand the nature of the charges, and do you understand every element of each charge?  (5) YES

6. (a) Have you and your lawyer discussed the possible defenses, if any, to the charges?  (6a) YES
   (b) Are you satisfied with your lawyer's legal services?  (6b) YES

7. (a) Do you understand that you have the right to plead not guilty and be tried by a jury?  (7a) YES
   (b) Do you understand that at such trial you have the right to confront and to cross examine witnesses against you?  (7b) YES
   (c) Do you understand that by your plea(s) you give up these and other important constitutional rights to a jury trial?  (7c) YES

8. Do you understand that, if you are not a citizen of the United States of America, your plea(s) of guilty or no contest may result in your deportation from this country, your exclusion from admission to this country, or the denial of your naturalization under federal law?  (8) N/A

☒ 9. Do you understand that upon conviction of a felony you may forfeit any State licensing privileges you have in the event that your probation is revoked?  (9) YES

10. Do you understand that following a plea of guilty or no contest there are limitations on your right to appeal?  (10) YES

11. Do you understand that your plea of guilty may impact how long biological evidence related to your case (for example, blood, hair, skin tissue) will be preserved?  (11) YES

AOC-CR-300, Rev. 2/23
© 2023 Administrative Office of the Courts    (Over)

12. Do you understand that you are pleading ☐ guilty ☐ guilty pursuant to *Alford* ☒ no contest  to the    (12) _____ YES
charges shown below? *(Describe charges, total maximum punishments, and applicable mandatory minimums for those charges.)*

### PLEAS

| ✓ | Plea* | File Number | Count No.(s) | Offense(s) | Date Of Offense OR Date Range Of Offense | G.S. No. | F/M | CL. | ‡Pun. CL. | Maximum Punishment |
|---|---|---|---|---|---|---|---|---|---|---|
|  | G | 23CRS344255 | 1 | DISCLOSE PRIVATE IMAGES/ADULT | 03/23/2023 | 14-190.5A(B) | F | H | 1 | 39 MO |

☐ See attached AOC-CR-300A, for additional charges.

*G = Guilty  GA = *Alford* plea
NC = No Contest

| TOTAL MAXIMUM PUNISHMENT ▷ | | 39 MONTHS |
|---|---|---|
| MANDATORY MINIMUM FINES & SENTENCES *(if any)* | | |

✓ **NOTE TO CLERK:** *If this column is checked this is an added offense or reduced charge.*

‡ **NOTE:** *Enter punishment class if different from underlying offense class (punishment class represents a status or enhancement).*

13. Do you now personally plead ☐ guilty ☐ guilty pursuant to *Alford* ☒ no contest  to the charges    (13) _____ YES
I just described?

14. ☐ (a) Are you in fact guilty?    (14a) _N/A_

☒ (b) *(no contest plea)* Do you understand that, upon your plea of no contest, you will be treated as being    (14b) _YES_
guilty whether or not you admit that you are in fact guilty?

☐ (c) *(Alford guilty plea)*
(1) Do you now consider it to be in your best interest to plead guilty to the charges I just described?    (14c1) _N/A_
(2) Do you understand that, upon your "*Alford* guilty plea," you will be treated as being guilty whether    (14c2) _N/A_
or not you admit that you are in fact guilty?

15. *(Use if aggravating factors are listed below)* Have you admitted the existence of the following aggravating factors:    (15) _____ N/A
☐
_____
_____
_____
have you agreed that there is evidence to support these factors beyond a reasonable doubt, have you
agreed that the Court may accept your admission to these factors, and do you ☐ understand that you
are waiving any notice requirement that the State may have with regard to these aggravating factors
☐ agree that the State has provided you with appropriate notice about these aggravating factors?

16. *(Use if sentencing points are selected below)* Have you admitted the existence of the following sentencing points    (16) _____ N/A
☐ not related to prior convictions: ☐ offense committed while on supervised or unsupervised probation,
parole, or post-release supervision ☐ offense committed while serving a sentence of imprisonment
☐ offense committed while on escape from a correctional institution,   have you agreed that there is
evidence to support these points beyond a reasonable doubt, have you agreed that the Court may accept
your admission to these points, and do you ☐ understand that you are waiving any notice requirement
that the State may have with regard to these sentencing points ☐ agree that the State has provided you
with the appropriate notice about these sentencing points?

17. *(Use if No. 15 or 16 selected above)* Do you understand that at a jury trial you have the right to have a jury    (17) _____ N/A
☐ determine the existence of any aggravating factors and any additional sentencing points not related to prior
convictions that may apply to your case beyond a reasonable doubt, and that by your plea(s) you give up this
constitutional right to a jury determination?

18. Do you understand that you also have the right during a sentencing hearing to prove to the Court the    (18) _____ YES
existence of any mitigating factors that may apply to your case?

19. Do you understand that the courts have approved the practice of plea arrangements and you can discuss    (19) _____ YES
your plea arrangement with me without fearing my disapproval?

AOC-CR-300, Side Two, Rev. 2/23, © 2023 Administrative Office of the Courts

| STATE VERSUS | File No. 23CRS344255 |
|---|---|

**Name Of Defendant**
ANTONIO BROOKS

20. Have you agreed to plead ☐ guilty ☐ guilty pursuant to *Alford* ☒ no contest  as part of a plea
arrangement? *(if so, review the terms of the plea arrangement as listed in No. 21 below with the defendant.)*     (20) _____ YES

21. The prosecutor, your lawyer and you have informed the Court that these are all the terms and conditions of your plea:

**PLEA ARRANGEMENT**

DEFENDANT SHALL RECEIVE A SUSPENDED SENTENCE OF 5-15 MONTHS -  18 MONTHS SUPERVISED PROBATION,
(MS)

DEFENDANT IS TO HAVE NO CONTACT WITH ▓▓▓▓▓▓▓▓

☐ The State dismisses the charge(s) set out on Page Two, Side Two, of this transcript.
☐ The defendant stipulates to restitution to the party(ies) in the amounts set out on "Restitution Worksheet, Notice And Order (Initial Sentencing)" (AOC-CR-611).

22. Is the plea arrangement as set forth within this transcript and as I have just described it to you correct as being your full plea arrangement?     (22) _____ YES

23. Do you now personally accept this arrangement?     (23) _____ YES

24. *(Other than the plea arrangement between you and the prosecutor)* has anyone promised you anything or threatened you in any way to cause you to enter this plea against your wishes?     (24) _____ NO

25. Do you enter this plea of your own free will, and do you fully understand what you are doing?     (25) _____ YES

26. Do you agree that there are facts to support your plea ☐ and admission to aggravating factors
☐ and sentencing points not related to prior convictions, and do you consent to the Court hearing a summary of the evidence?     (26) _____ YES

27. Do you have any questions about what has just been said to you or about anything else connected to your case?     (27) _____ NO

**ACKNOWLEDGEMENT BY DEFENDANT**

I have read or have heard all of these questions and understand them. The answers shown are the ones I gave in open court and they are true and accurate. No one has told me to give false answers in order to have the Court accept my plea in this case. The terms and conditions of the plea as stated within this transcript, if any, are accurate.

| **SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME** | | Date 06/14/2024 |
|---|---|---|
| **Date** 06/14/2024 | **Name (type or print)** | **Signature Of Defendant** |
| ☐ Notary | **Signature** | **Name Of Defendant (type or print)** ANTONIO BROOKS |
| **SEAL** | **Date My Commission Expires** | **County Where Notarized** |
| ☐ Magistrate  ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | | |

**CERTIFICATION BY LAWYER FOR DEFENDANT**

I hereby certify that the terms and conditions stated within this transcript, if any, upon which the defendant's plea was entered are correct and they are agreed to by the defendant and myself. I further certify that I have fully explained to the defendant the nature and elements of the charges to which the defendant is pleading, and the aggravating and mitigating factors and prior record points for sentencing, if any.

| **Date** 06/14/2024 | **Name Of Lawyer For Defendant (type or print)** EDWARD MARTIN | **Signature Of Lawyer For Defendant** |
|---|---|---|

**CERTIFICATION BY PROSECUTOR**

As prosecutor for this Prosecutorial District, I hereby certify that the conditions stated within this transcript, if any, are the terms and conditions agreed to by the defendant and his/her lawyer and myself for the entry of the plea by the defendant to the charges in this case.

| **Date** 06/14/2024 | **Name Of Prosecutor (type or print)** THOMAS CLARK | **Signature Of Prosecutor** |
|---|---|---|

AOC-CR-300, Page Two, Rev. 2/23
© 2023 Administrative Office of the Courts                    (Over)

| PLEA ADJUDICATION |
|---|

Upon consideration of the record proper, evidence or factual presentation offered, answers of the defendant, statements of the lawyer for the defendant, and statements of the prosecutor, the undersigned finds that:

1. There is a factual basis for the entry of the plea *(and for the admission as to aggravating factors and/or sentencing points)*;

2. The defendant is satisfied with his/her lawyer's legal services;

3. The defendant is competent to stand trial;

4. ☐ The State has provided the defendant with appropriate notice as to the aggravating factors and/or points; ☐ The defendant has waived notice as to the aggravating factors and/or points; and

5. The plea *(and admission)* is the informed choice of the defendant and is made freely, voluntarily and understandingly.

The defendant's plea *(and admission)* is hereby accepted by the Court and is ordered recorded.

| Date | Name Of Presiding Judge (type or print) | Signature Of Presiding Judge |
|---|---|---|
| 06/14/2024 | HON. MATTHEW B. SMITH | |

| SUPERIOR COURT DISMISSALS PURSUANT TO PLEA ARRANGEMENT |
|---|

| File No. | Count No.(s) | Offense(s) |
|---|---|---|
| | | |

| DISTRICT COURT DISMISSALS PURSUANT TO PLEA ARRANGEMENT |
|---|

| File No. | Count No.(s) | Offense(s) |
|---|---|---|
| | | |

| CERTIFICATION BY PROSECUTOR |
|---|

The undersigned prosecutor enters a dismissal to the above charges pursuant to a plea arrangement shown on this Transcript Of Plea.

| Date | Name Of Prosecutor (type or print) | Signature Of Prosecutor |
|---|---|---|
| 06/14/2024 | | |

AOC-CR-300, Page Two, Side Two, Rev. 2/23
© 2023 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

UNION **County**

File No.

23CRS344255

**In The General Court Of Justice**
☐ District  ☒ Superior Court Division

## STATE VERSUS

Name And Address Of Defendant
ANTONIO GREGORY BROOKS

Social Security No.

SID No.

Race

Sex

DOB

# WORKSHEET PRIOR RECORD LEVEL FOR FELONY SENTENCING AND PRIOR CONVICTION LEVEL FOR MISDEMEANOR SENTENCING
## (STRUCTURED SENTENCING)
### (For Offenses Committed On Or After Dec. 1, 2009)

G.S. 15A-1340.14, 15A-1340.21

## I. SCORING PRIOR RECORD/FELONY SENTENCING

| NUMBER | TYPE | FACTORS | POINTS |
|---|---|---|---|
| | Prior Felony Class A Conviction | X 10 | |
| | Prior Felony Class B1 Conviction | X 9 | |
| | Prior Felony Class B2 or C or D Conviction | X 6 | |
| | Prior Felony Class E or F or G Conviction | X 4 | |
| | Prior Felony Class H or I Conviction | X 2 | |
| | Prior Class A1 or 1 Misdemeanor Conviction (see note on reverse) | X 1 | |
| | | **SUBTOTAL** ▶ | 0 |

Defendant's Current Charge(s):

| | | |
|---|---|---|
| If all the elements of the present offense are included in any prior offense whether or not the prior offenses were used in determining prior record level. | | + 1 |
| If the offense was committed while the offender was: ☐ on probation, parole, or post-release supervision; ☐ serving a sentence of imprisonment; or ☐ on escape from a correctional institution.  **NOTE:** If part of a plea transcript, use form AOC-CR-300 ("Transcript Of Plea"), Nos. 16 and 17. | | + 1 |

| County | File No. | State (if other than NC) |
|---|---|---|
| | | |

| | **TOTAL** ▶ | 0 |
|---|---|---|

## II. CLASSIFYING PRIOR RECORD/CONVICTION LEVEL

### MISDEMEANOR

**NOTE:** If sentencing for a misdemeanor, total the number of prior conviction(s) listed on the reverse and select the corresponding prior conviction level.

| No. Of Prior Convictions | Level |
|---|---|
| 0 | I |
| 1 - 4 | II |
| 5 + | III |

**PRIOR CONVICTION LEVEL** ▶ [ I ]

☐ The Court has determined the number of prior convictions to be _____ and the level to be as shown above.
☐ In making this determination, the Court has relied upon the State's evidence of the defendant's prior convictions from a computer printout of DCI-CCH.

### FELONY

**NOTE:** If sentencing for a felony, locate the prior record level which corresponds to the total points determined in Section I above.

| Points | Level |
|---|---|
| 0 - 1 | I |
| 2 - 5 | II |
| 6 - 9 | III |
| 10 - 13 | IV |
| 14 - 17 | V |
| 18 + | VI |

**PRIOR RECORD LEVEL** ▶ [ I ]

☐ The Court finds the prior convictions, prior record points and the prior record level of the defendant to be as shown herein.
☐ In making this determination, the Court has relied upon the State's evidence of the defendant's prior convictions from a computer printout of DCI-CCH.
☐ In finding a prior record level point under G.S. 15A-1340.14(b)(7), the Court has relied on the jury's determination of this issue beyond a reasonable doubt or the defendant's admission to this issue.

☐ The Court finds that all of the elements of the present offense are included in a prior offense.
☐ For each out-of-state conviction listed in Section V on the reverse, the Court finds by a preponderance of the evidence that the offense is substantially similar to a North Carolina offense and that the North Carolina classification assigned to this offense in Section V is correct.
☐ The Court finds that the State and the defendant have stipulated in open court to the prior convictions, points, and record level.

| Date  6-14-2024 | Name Of Presiding Judge (type or print)  HON. MATTHEW B. SMITH | Signature Of Presiding Judge |
|---|---|---|

AOC-CR-600B, Rev. 5/18     (Over)
© 2018 Administrative Office of the Courts

## III. STIPULATION

The prosecutor and defense counsel, or the defendant, if not represented by counsel, stipulate to the information set out in Sections I and V of this form, and agree with the defendant's prior record level or prior conviction level as set out in Section II based on the information herein.

| Date | Signature Of Prosecutor | Date | Signature Of Defense Counsel Or Defendant |
|------|------------------------|------|-------------------------------------------|
| 6/14/2024 | *(signature)* | 6/14/24 | *(signature)* |

## IV. DNA CERTIFICATION
### (For Offenses Committed On Or After Feb. 1, 2011)

A review of the case record (the form required by G.S. 15A-266.3A(c)) and the records of the State Bureau of Investigation (the DCI-CCH rap sheet) indicates that (check one):

☒ 1. The defendant is **NOT** required to provide a DNA sample for this conviction because (i) the offense is not covered by G.S. 15A-266.4 or (ii) a sample of the defendant's DNA has previously been obtained and the defendant's DNA record is currently stored in the State DNA database.

☐ 2. The defendant **IS** required to provide a DNA sample for this conviction because (i) the offense is covered by G.S. 15A-266.4 and (ii) a sample of the defendant's DNA has not previously been obtained and the defendant's DNA record has not previously been stored in the State DNA Database, or if previously obtained and stored, the defendant's DNA sample and record have been expunged.

| Date | Name Of Prosecutor (type or print) | Signature Of Prosecutor |
|------|-----------------------------------|------------------------|
| 6/14/2024 | Thomas Cerin | *(signature)* |

## V. PRIOR CONVICTION

**NOTE:** Federal law precludes making computer printout of DCI-CCH (rap sheet) part of permanent public court record.

**NOTE:** The only misdemeanor offenses under Chapter 20 that are assigned points for determining prior record level for felony sentencing are misdemeanor death by vehicle [G.S. 20-141.4(a2)] and, for sentencing for felony offenses committed on or after December 1, 1997, impaired driving [G.S. 20-138.1] and commercial impaired driving [G.S. 20-138.2]. First Degree Rape and First Degree Sexual Offense convictions prior to October 1, 1994, are Class B1 convictions.

| Source Code | Offenses | File No. | Date Of Conviction | County (Name Of State if not NC) | Class |
|-------------|----------|----------|--------------------|-----------------------------------|-------|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

☐ See AOC-CR-600 Continuation for additional prior convictions.

Source Code: 1 - DCI    3 - AOC/Local    5 - ID Bureau
            2 - NCIC    4 - AOC/Statewide    6 - Other

Date Prepared: _____
Prepared By: _____

# STATE OF NORTH CAROLINA

UNION _____ County

File No.

23 CRS 344255

In The General Court Of Justice
Superior Court Division

**STATE VERSUS**

Name And Address Of Defendant

BROOKS,ANTONIO,GREGORY
2701 PARK CENTER DR

ALEXANDRIA        VA    22302

## NOTICE OF RETURN OF
## BILL OF INDICTMENT

G.S. 15A-630, 15A-941(d)

**To The Defendant Named Above:**

Take notice that the grand jury of the county named above has returned the attached True Bill(s) of Indictment charging you with the offense(s) specified.

You are informed that there are important time limitations on your right to discovery of the evidence against you. *(See G.S. 15A-902, which is printed on the reverse.)*

This Notice is issued upon the order of the presiding judge.

You will be arraigned on the charges contained in this Indictment only if you file a written request for arraignment with the Clerk of Superior Court not later than twenty-one (21) days after the Indictment is served on you. If you do not file a written request for arraignment within that time, the court will enter a not guilty plea on your behalf.

You must appear in Superior Court at the date, time and place shown below to answer the charges in this Indictment.
**NOTE:** *If an earlier court date is set in a release order, you must appear at that time also.*

| Date Of Hearing | Time Of Hearing | | Place Of Hearing |
|---|---|---|---|
| next term | 10:00 | ☒ AM ☐ PM | Union County Judicial Center |

Date Issued
20231107

**NOTE:** *Attach True Bill(s) of Indictment and a copy of the Order of Arrest, if appropriate.*

Signature
Brittany Cincevich

☒ Deputy CSC    ☐ Assistant CSC    ☐ Clerk Of Superior Court

## CERTIFICATE OF NOTICE

I certify that I issued a copy of this Notice to the defendant named above at the address shown by:

☒ 1. Mailing it through the U.S. Postal Service. Atty Edward Martin 2319 Crescent Ave Charlotte, nc 28207

☐ 2. Attaching it to an Order for Arrest to be served on the defendant.
**NOTE TO COURT:** *An Order for Arrest shall **not** be issued for an indicted juvenile whose case began in juvenile court and for which the district court has not yet entered an order for transfer to superior court pursuant to G.S. 7B-2200 or G.S. 7B-2200.5(a)(1).*
*An Order for Arrest may be issued for a juvenile indicted and subject to adult criminal court jurisdiction:*
- *pursuant to G.S. 7B-1501(7)b. (indicted for Chapter 20 motor vehicle offense).*
- *pursuant to G.S. 7B-1604(b) (i.e., the 'once an adult, always an adult' rule), based on a prior criminal conviction as an adult for*
  - *(i) any felony or*
  - *(ii) any non-motor vehicle misdemeanor or*
  - *(iii) any misdemeanor or infraction involving impaired driving as defined in G.S. 20-4.01(24a).*

☐ 3. Other: *(specify)*

| Date | Signature | | | |
|---|---|---|---|---|
| 11-7-23 | Brittany Cincevich | ☒ Deputy CSC | ☐ Assistant CSC | ☐ Clerk Of Superior Court |

Original-File    Copy-Defendant
(Over)

AOC-CR-215, Rev. 12/19
© 2019 Administrative Office of the Courts

**G.S. 15A-902 Discovery Procedure**

"(a)  A party seeking discovery under this Article must, before filing any motion before a judge, request in writing that the other party comply voluntarily with the discovery request. A written request is not required if the parties agree in writing to voluntarily comply with the provisions of Article 48 of Chapter 15A of the General Statutes. Upon receiving a negative or unsatisfactory response, or upon the passage of seven days following the receipt of the request without response, the party requesting discovery may file a motion for discovery under the provisions of this Article concerning any matter as to which voluntary discovery was not made pursuant to request.

(b)  To the extent that discovery authorized in this Article is voluntarily made in response to a request or written agreement, the discovery is deemed to have been made under an order of the court for the purposes of this Article.

(c)  A motion for discovery under this Article must be heard before a superior court judge.

(d)  If a defendant is represented by counsel, the defendant may as a matter of right request voluntary discovery from the State under subsection (a) of this section not later than the tenth working day after either the probable-cause hearing or the date the defendant waives the hearing. If a defendant is not represented by counsel, or is indicted or consents to the filing of a bill of information before the defendant has been afforded or waived a probable-cause hearing, the defendant may as a matter of right request voluntary discovery from the State under subsection (a) of this section not later than the tenth working day after the later of:

   (1)  The defendant's consent to be tried upon a bill of information, or the service of notice upon the defendant that a true bill of indictment has been found by the grand jury, or

   (2)  The appointment of counsel.

   For the purposes of this subsection a defendant is represented by counsel only if counsel was retained by or appointed for the defendant prior to or during a probable-cause hearing or prior to execution by the defendant of a waiver of a probable-cause hearing.

(e)  The State may as a matter of right request voluntary discovery from the defendant, when authorized under this Article, at any time not later than the tenth working day after disclosure by the State with respect to the category of discovery in question.

(f)  A motion for discovery made at any time prior to trial may be entertained if the parties so stipulate or if the judge for good cause shown determines that the motion should be allowed in whole or in part."

**G.S. 15A-941(d) Arraignment Before Judge Only Upon Written Request**

"(d)  A defendant will be arraigned in accordance with this section only if the defendant files a written request with the clerk of superior court for an arraignment not later than 21 days after service of the bill of indictment. If a bill of indictment is not required to be served pursuant to G.S. 15A-630, then the written request for arraignment must be filed not later than 21 days from the date of the return of the indictment as a true bill. Upon the return of the indictment as a true bill, the court must immediately cause notice of the 21-day time limit within which the defendant may request an arraignment to be mailed or otherwise given to the defendant and to the defendant's counsel of record, if any. If the defendant does not file a written request for arraignment, then the court shall enter a not guilty plea on behalf of the defendant.".



# STATE OF NORTH CAROLINA

File No. 23CRS344255

_____Union_____ County

In The General Court Of Justice
Superior Court Division

## STATE VERSUS

Name And Address Of Defendant

ANTONIO GREGORY BROOKS

# INDICTMENT

☐ This is a superseding indictment.

| Race | Sex | Date Of Birth |
| --- | --- | --- |

| Offense(s) | Date Of Offense OR Date Range Of Offense | G.S. No. | CL. |
| --- | --- | --- | --- |
| I. DISCLOSE PRIVATE IMAGES/ADULT | 03/23/2023 | 14-190.5a(b) | |
| II. | | | |
| III. | | | |

I. The jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did knowingly disclose an image of ▮▮▮▮▮▮▮▮ with the intent to harass, intimidate, demean, and humiliate ▮▮▮▮ er. ▮▮▮▮ was identifiable from the disclosed image itself and information offered in connection with the image. The victim was engaged in sexual conduct in the disclosed image. The defendant disclosed the image without the affirmative consent of the victim. The defendant obtained the image under circumstances such that the defendant knew and should have known that the victim expected the image to remain private. The defendant was 18 years of age or older at the time of the offense.

II. And the jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did

OCT 3 0 2023

(Over)

AOC-CR-122, Rev. 1/13
© 2013 Administrative Office of the Courts

III.    And the jurors for the State upon their oath present that on or about the date(s) of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did

_Signature Of Prosecutor_

**WITNESSES**

| | |
|---|---|
| ☐ K. Clark; UCSO | ☐ |
| ☑ B. Funderburke; UCSO | ☐ |
| ☐ | ☐ |
| ☐ | ☐ |

The Witnesses marked "X" were sworn by the undersigned Foreperson of the Grand Jury and, after hearing testimony, this Bill was found to be:

☑ A TRUE BILL by twelve or more grand jurors, and I the undersigned Foreperson of the Grand Jury, attest the concurrence of twelve or more grand jurors in this Bill of Indictment.

☐ NOT A TRUE BILL.

_Date_

OCT 3 0 2023

_Signature Of Grand Jury Foreperson_

AOC-CR-122, Side Two, Rev. 1/13
© 2013 Administrative Office of the Courts

11-7
DIST

STATE OF NORTH CAROLINA          IN THE GENERAL COURT OF JUSTICE
COUNTY OF UNION                          SUPERIOR COURT DIVISION
                                                          FILE NO.: 23CRS344255

STATE OF NORTH CAROLINA    2023 OCT 12 P 4:26

vs.                                             UNION CO. C.S.C.    **Request for Reciprocal Discovery**

Antonio Gregory Brooks (M)
        **Defendant**

The State of North Carolina Requests, or alternatively Moves the Court, that the defendant, or his/her attorney, in the above captioned matter, disclose to the State and/or permit the State to inspect and copy or photograph pursuant to N.C.G.S 15A-905 and 15A-907:

1.      Documents and Tangible Objects – including, but not limited to, books, papers, documents, photographs, motion pictures, mechanical or electronic recordings, tangible objects, or copies or potions, thereof which are now within, or may in the future come within, the possession, custody or control of the defendant or his/her attorney and which the defendant or his/her attorney intends to introduce in evidence at trial; and,

2.      Reports of Examinations and Tests – including, but not limited to, results or reports of physical or mental examinations or of tests, measurements or experiments made in connection with the case, or copies thereof, which are now within or may in the future come within the possession and control of the defendant or his/her attorney which the defendant or his/her attorney intends to introduce in evidence at the trial or which were prepared by a witness whom the defendant or his/her attorney intends to introduce in evidence at the trial. Additionally, the State asks that the defendant or his/her attorney, permit the State to inspect, examine and test any physical evidence or a sample of it now available or which may in the future become available to the defendant or his/her attorney if the defendant or his/her attorney intends to offer such evidence, or tests or experiments made in connection with such evidence, as an exhibit or evidence in the case; and,

3.      Notice of Defenses intended to be offered at trial, including a defense of alibi, duress, entrapment, insanity, mental infirmity, diminished capacity, self-defense, accident, automatism, involuntary intoxication, or voluntary intoxication. Further, if the defense is alibi, the State requests the defense disclose the identity of the alibi witness no later than two weeks before trial. If the defense is duress, entrapment, insanity, automatism, or involuntary intoxication, the State requests the notice contain specific information as to the nature and extent of the defense; and,

4.      Expert Witnesses – the State requests notice of any expert the defendant expects to call at trial. The State further requests a report of all results of examinations or tests done by defense experts, the expert's opinion, and underlying basis for each opinion, as well as a copy of a curriculum vitae for all defense experts; and,

5.      Witness Lists – that the State be provided, at the beginning of jury selection, a written list of names of all other witnesses whom the defendant expects to call during trial.

This the  12  day of  October  , 2023.

                                                    _____
                                                    Assistant District Attorney

**STATE OF NORTH CAROLINA**

UNION _____ County **FILED**

| | File No. |
|---|---|
| | 23CR344255-890 |

In The General Court Of Justice
☒ District ☐ Superior Court Division

**STATE VERSUS**

Name And Address Of Defendant
ANTONIO GREGORY BROOKS    2023 AUG 10  P 1: 57
2701 PARK CENTER DR B905

ALEXANDRIA    UNION CO., C.S.C.
VA, 22302
BY TMD

**CONDITIONS OF RELEASE
AND RELEASE ORDER**

G.S. Chapter 15A, Art. 25, 26

| Process No. | Amount Of Bond |
|---|---|
| # RO-23-559639 | $ 10,000.00 |

File Numbers And Offenses
23CR344255-890    WFA: F - DISCLOSE PRIVATE IMAGES/ADULT;

☐ See Attachment.

| Location Of Court | | | Date | Time |
|---|---|---|---|---|
| DIST-Union County Judicial Center, CTRM 3 | ☒ District | ☐ Superior | 09/18/2023 | 9:30 AM |

**To The Defendant Named Above**, you are ORDERED to appear before the Court as provided above and at all subsequent continued dates. If you fail to appear, you will be arrested and you may be charged with the crime of willful failure to appear. You also may be arrested without a warrant if you violate any condition of release in this Order or in any document incorporated by reference.

The defendant has been advised of charge(s) against him/her and his/her right to communicate with counsel and friends.
☒ Your release is authorized upon execution of your: ☐ WRITTEN PROMISE to appear  ☐ UNSECURED BOND in the amount shown above
☐ CUSTODY RELEASE  ☒ SECURED BOND in the amount shown above (**NOTE:** Give a copy of this order to any surety who posts bond.)
☐ HOUSE ARREST with ELECTRONIC MONITORING administered by (agency) _____ and the SECURED BOND above. You may leave your residence for the purpose(s) of ☐ employment ☐ counseling ☐ course of study ☐ vocational training

☐ Your release is not authorized.
☒ The defendant is required to provide (check all that apply) ☒ fingerprints under G.S. 15A-502. ☐ a DNA sample under G.S. 15A-266.3A. Prior to release, the defendant shall provide his/her (check all that apply) ☒ fingerprints. ☐ DNA sample.
☐ The defendant has been ☐ (i) charged with a felony while on probation (complete AOC-CR-272, Side One). ☐ (ii) arrested for violation of probation with a pending felony charge or prior conviction requiring registration under G.S. 14, Article 27A (complete AOC-CR-272, Side Two).
☐ This Order is entered upon defendant's warrantless arrest for violation of conditions of release entered previously for the above-captioned case in the Order dated _____
☐ The defendant is charged with an offense subject to G.S. 15A-534.1, and no judge has acted under that statute within 48 hours of defendant's arrest.
☐ The defendant was arrested or surrendered after failing to appear as required under a prior release order.
☐ This was the defendant's second or subsequent failure to appear in this case.
☐ Your release is subject to the conditions as shown on the attached ☐ AOC-CR-242. ☐ AOC-CR-270. ☐ AOC-CR-630. ☐ AOC-CR-631. ☐ AOC-CR-660. ☐ Other: _____

Additional Information

| Date | Name Of Judicial Official | Signature Of Judicial Official | ☒ Magistrate ☐ Deputy CSC ☐ Assistant CSC |
|---|---|---|---|
| 08/10/2023 | R EARNHARDT | | ☐ Clerk Of Superior Court ☐ DC Judge ☐ SC Judge |

**ORDER OF COMMITMENT**

**To The Custodian Of The Detention Facility Named Below**, you are ORDERED to receive in your custody the defendant named above who may be released if authorized above. If the defendant is not sooner released, you are ORDERED to: ☒ produce him/her in Court as provided above.
☐ hold him/her ☐ as provided on the attached AOC-CR-272. ☐ for the following purpose: _____

☐ (for charges covered by G.S. 15A-534.1 (domestic violence) or 15A-534.7 (threat of mass violence)) produce him/her at the first session of District or Superior Court held in this county after the entry of this Order or, if no session is held before (enter date and time 48 hours after time of arrest) _____ produce him/her before a magistrate in this county at that time to determine conditions of pretrial release.

| Name Of Detention Facility | Date | Name Of Judicial Official | Signature Of Judicial Official |
|---|---|---|---|
| UNION COUNTY DETENTION CENT | 08/10/2023 | R EARNHARDT | |

(Over)

AOC-CR-200, Rev. 2/21, © 2021 Administrative Office of the Courts

**Original**

**VRA Case**

## WRITTEN PROMISE TO APPEAR OR CUSTODY RELEASE

I, the undersigned, promise to appear at all hearings, trials or otherwise as the Court may require and to abide by any restrictions set out above. I understand and agree that this promise is effective until the entry of judgment in the District Court from which no appeal is taken or until the entry of judgment in Superior Court. If I am released to the custody of another person, I agree to be placed in that person's custody, and that person agrees by his/her signature to supervise me.

| Date | Signature Of Defendant | Signature Of Person Agreeing To Supervise Defendant |
|---|---|---|
| | | |
| Name Of Person Agreeing To Supervise Defendant (type or print) | | Address Of Person Agreeing To Supervise Defendant |

## DEFENDANT RELEASED ON BAIL

| Date | Time | Signature Of Custodian |
|---|---|---|
| 08/10/2023 | 02:30 | 4 Hawbs / Self |

## CONDITIONS OF RELEASE MODIFICATIONS

The Conditions of Release on the reverse are modified as follows:

| Modification | Date | Signature Of Judicial Official |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## SUPPLEMENTAL ORDERS FOR COMMITMENT

The defendant is next Ordered produced in Court as follows:

| Date | Time | Place | Purpose | Signature Of Judicial Official |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

## DEFENDANT RECEIVED BY DETENTION FACILITY

| Date | Time | Signature Of Custodian |
|---|---|---|
| 08/10/2023 | 0139 | C. Parker |
| | | |
| | | |
| | | |

## DEFENDANT RELEASED FOR COURT APPEARANCE

| Date | Time | Signature Of Custodian |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

NOTE TO CUSTODIAN: *This form shall accompany the defendant to court for all appearances.*

AOC-CR-200, Side Two, Rev. 2/21
©2021 Administrative Office of the Courts

Original

# Secured Bond Finding

Attach to Original Copy of Release Order

**Name:** Antonio Gregory Brooks

## Secured Bond in the amount of $ 10,000 ⁰⁰ is set because:

____ Necessary to reasonably secure appearance of the defendant as required.

____ Defendant will pose a danger of injury to some persons.

____ Unsecured release will likely result in destruction of evidence, subordination of perjury, or intimidation of potential witnesses.

## Factors Considered in the Determination of above:

____ Nature & circumstance of offense(s) charged. (F) Disclosure Private Images / Adult

____ Weight of evidence against defendant. _____

____ Length of residence/ Family ties to community. _____
2 yrs- Alexandria, VA    grew West VA

____ Employment History- State Department - US
⤷ 7 yrs    Political Intel Analyst

____ History of Flight/Failure to Appear. _____

____ Defendant's record of convictions. NC-Speeding - Durham County

____ Currently on Probation/Parole. NC - NO

____ Other Pending Charges. NC - None

____ Defendant's intoxication- a danger to themselves or others if released without supervision?

____ Defendant's financial resources. _____

____ Defendant's character _____

____ Other(use back if necessary) _____

**Magistrate** R Earnhardt    **Date** 8-10-23

# STATE OF NORTH CAROLINA

Union County

| | File No. |
|---|---|
| | 23CR344255-890-M |

In The General Court Of Justice
District Court Division

*Name And Mailing Address Of Defendant*
Brooks, ANTONIO
2701 PARK CENTER DR B905
ALEXANDRIA VA  22302

## APPEARANCE BOND
## FOR
## PRETRIAL RELEASE

G.S. 15A-531, 15A-534, 15A-544.2

| *Telephone No. Of Defendant* | *Total Bond Required* | *Amount Of This Bond* | *Bond No.* |
|---|---|---|---|
| | 10,000.00 | 10,000.00 | 23B044852 |

| *File Numbers And Offenses* | |
|---|---|
| 23CR344255-890-M | DISCLOSE PRIVATE IMAGES/ADULT |

☐ See *Additional File Numbers And Offenses* on Side Two, for which appearance is secured by this Bond.

☒ **Surety Appearance Bond** - We, the undersigned, jointly and severally acknowledge that we and our personal representatives are bound to pay the State of North Carolina the sum shown above, subject to the conditions of this Bond stated on the reverse side. Any undersigned professional bondsman, bail agent, or runner attests that the AFFIDAVIT on the reverse side is complete and true. If a cash deposit is indicated below, surety(ies) has deposited the cash to secure the obligation as surety(ies) on this Bond with the understanding that the deposit will be returned to the surety(ies) upon termination of that obligation as provided by law, and that it will NOT be available to satisfy defendant's obligations. *(For cash bond, see notes on reverse side.)*

## INSURANCE COMPANY

| *Name Of Insurance Company* | *Name Of Bail Agent* | |
|---|---|---|
| UNITED STATES FIRE INSURANCE COMPANY | TART, BRITTAIN, R | |
| *Power Of Appointment No. Of Bail Agent* | *License No. Of Bail Agent* | *Telephone No.* |
| | 0016805845 | |

## DEFENDANT AND SURETY SIGNATURES

| *Date Of Execution Of Bond* | *Signature Of Defendant (required for all appearance bonds)* |
|---|---|
| 08/10/2023 | ANTONIO BROOKS |
| *Signature Of Surety* | *Signature Of Surety* |
| Britt Tart | Britt Tart |

| SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME | SWORN/AFFIRMED AND SUBSCRIBED TO BEFORE ME |
|---|---|
| *Date* 08/10/2023 | *Signature* | *Date* | *Signature* |

| ☒ *Magistrate* ☐ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk Of Superior Court* | ☐ *Magistrate* ☐ *Deputy CSC* ☐ *Assistant CSC* ☐ *Clerk Of Superior Court* |
|---|---|
| ☐ *Custodian Of Detention Facility [G.S. 15A-537(c)]* | ☐ *Custodian Of Detention Facility [G.S. 15A-537(c)]* |

**NOTE:** *If cash deposited, see notes on reverse side.* (see AOC-CR-238 if release after judgment in superior court)

AOC-CR-201 (ICMS), Rev. 2/21
© 2021 Administrative Office of the Courts

Original - File
(Over)

| CONDITIONS |
|---|

The conditions of this Bond are that the above named defendant shall appear in the above entitled action(s) whenever required. It is agreed and understood that this Bond is effective and binding upon the defendant and each surety throughout all stages of the proceedings in the trial divisions of the General Court of Justice until the entry of judgment in the district court from which no appeal is taken or until the entry of judgment in the superior court, unless terminated earlier by operation of law or order of the court. If the defendant appears as ordered until termination of the Bond, then the bond is to be void, but if the defendant fails to appear as required, the Court will forfeit the bond pursuant to Part 2 of Article 26 of Chapter 15A of the General Statutes.

Each accommodation bondsman, by signing on the reverse or on the attached AOC-CR-201A, states: "I have reached the age of 18 years and am a bona fide resident of North Carolina. Aside from love and affection and release of the above named defendant, I have received no consideration for acting as surety. I own sufficient property over and above all liabilities, homestead and other exemptions allowed me by law to enable me to pay this Bond should it be ordered forfeited. I understand that if I sign this Bond without sufficient property, I am guilty of a crime."

| ADDITIONAL FILE NUMBERS AND OFFENSES |
|---|

Additional File Numbers And Offenses

☐ See Additional File Numbers And Offenses on attached AOC-CR-201A, Side Two, for which appearance is secured by this Bond.

| AFFIDAVIT |
|---|

NOTE: "Professional bondsmen, surety bondsmen [bail agents], and runners shall file with the clerk of court having jurisdiction over the principal an affidavit on a form furnished by the Administrative Office of the Courts." G.S. 58-71-140(d). Check all options that apply.

☐ 1. I have not, nor has anyone for my use, been promised or received any collateral, security or premium for executing this Bond.

☐ 2. I have been promised a premium in the amount shown below, which is due on the date shown below.

☒ 3. I have received a premium in the amount shown below.

☐ 4. I have been given collateral security by the person named below, of the nature and in the amount shown below.

| Amount Of Premium Promised<br>$ 1,000 | Date Premium Due<br>8-10-2023 | Amount Of Premium Received<br>$ 1,000 | |
|---|---|---|---|
| Name Of Person From Whom Collateral Received | Nature Of Collateral | Value | **AFFIX BONDSMAN'S SEAL OR POWER OF ATTORNEY CERTIFICATE HERE**<br>U50-21594996 |

| RETURN OF CUSTODIAN OF DETENTION FACILITY |
|---|

The defendant named on the reverse was released from my custody on the date shown below upon the execution of this Appearance Bond.

| Date Defendant Released | Name Of Custodian (type or print) | Signature Of Custodian | ☐ Sheriff ☐ Deputy Sheriff<br>☐ Other |
|---|---|---|---|

**NOTES ON CASH BONDS:**
(1) *To Official Taking The Bond. Use this form for all cash bonds. Complete this form as follows:*
*When Cash Deposited By Defendant Or By Another Person Who Intends For The Cash To Be Used To Satisfy The Defendant's Obligations.*
*Enter defendant's name, address and telephone number at the top of Side One. Check "Cash Appearance Bond By Defendant." Have defendant sign. Do no more. No other person's name should appear on this form. Enter your name, sign and enter receipt number under "Complete If Cash Deposited." Make receipt out to DEFENDANT, not to any other person.*
*When Cash Deposited By Another Person Who Does NOT Intend For The Cash To Be Used To Satisfy The Defendant's Obligations.*
*Enter defendant's name, address and telephone number at the top of Side One. Check "Surety Appearance Bond." Have defendant sign. Enter name, address and telephone number of person depositing cash under "Accommodation Bondsman." Have that person sign under "Signature Of Surety." Complete notarization for that person. Enter your name, sign and enter receipt number under "Complete If Cash Deposited." Make receipt out to person depositing the cash.*
(2) *To Bookkeeper. If case disposed without forfeiture, disburse cash as follows: (1) If "Cash Appearance Bond By Defendant" checked on Side One, disburse to defendant or apply to defendant's obligations if court so orders. (2) If "Surety Appearance Bond" is checked on Side One, disburse only to the person(s) named under "Accommodation Bondsman."*
(3) *Bond By Insurance Company Or Professional Bondsman As Surety Is Same As Cash Except In Child Support. G.S. 15A-531(4) provides that an appearance bond executed by an insurance company or a professional bondsman (or a bail agent or runner on behalf of one of those sureties) is considered the same as a cash deposit, except in child support contempt proceedings for which only cash may satisfy a cash bond requirement.*

AOC-CR-201 (ICMS), Side Two, Rev. 2/21
© 2021 Administrative Office of the Courts

FOR SECURITY PURPOSES, THE FACE OF THIS DOCUMENT CONTAINS A VOID PANTOGRAPH PRINTED ON SECURITY PAPER WITH A TRUE WATERMARK

UNITED STATES FIRE INSURANCE COMPANY
11490 Westheimer Rd., Suite 300 • Houston, TX 77077
P.O. Box 2807 • Houston, Texas 77252-2807
(713) 954-8100      (718) 954-8389 FAX

# POWER OF ATTORNEY

POWER NO.    ***USO-21594996***

POWER AMOUNT $    ***50,000.00***

This Power of Attorney is granted pursuant to Article IV of the By-Laws of UNITED STATES FIRE INSURANCE COMPANY as now in full force and effect. Article IV, Execution of Instruments. Except as the Board of Directors may authorize by resolution, the Chairman of the Board, President, Vice President, Assistant Vice President, Secretary or any Assistant Secretary shall have power on behalf of the Corporation: (a) to execute, affix the corporate seal manually or by facsimile to, acknowledge, verify and deliver any contracts, obligations, instruments and documents whatsoever in connection with its business, including, without limiting the foregoing, any bonds, guarantees, undertakings, recognizances, powers of attorney or revocations of any powers of attorney, stipulations, policies of insurance, deeds, leases, mortgages, releases, satisfactions and agency agreements; (b) to appoint in writing, one or more persons for any or all of the purposes mentioned in the preceding paragraph (a) including affixing the seal of the Corporation. Authority of such Attorney-In-Fact is limited to appearance bonds and cannot be construed to guarantee defendants future lawful conduct, adherence to travel limitations, fines, restitution, payments or penalties of any other condition imposed by a court not specifically related to court appearance.

This Power of Attorney is for use with Bail Bonds only. Not valid if used in connection with Federal Bonds or Immigration Bonds. This power void if altered or erased, void if used with other powers of this Company or in combination with powers from any other surety company, void if used to furnish bail in excess of the stated face amount of this power, and can only be used once.

**The obligation of the Company shall not exceed the sum of** ***Fifty Thousand Dollars and Zero Cents***
and provided this Power of Attorney is filed with the bond and retained as a part of the court records. The said Attorney-In-Fact is hereby authorized to insert in this Power of Attorney the name of the person on whose behalf this bond was given.

IN WITNESS WHEREOF, UNITED STATES FIRE INSURANCE COMPANY has caused these presents to be signed by its duly authorized officer, proper for the purpose and its corporate seal to be hereunto affixed this ___10___ of ___August 2023___
                                                                    DAY        MONTH            YEAR

Bond Amount $ __10,000__ Gross Premium $ _____

Defendant __Antonio Brooks__

Charges __Disclosure of Private Images__

Court __District__

Case No. __23CR344255__                                    By __[signature]__
                                                                    Michael Ziemer
                                                                    Senior Vice President

City __Monroe__ _____ State __NC__

                                                            VOID IF NOT ISSUED BY: __10/31/2023__

If rewrite, original No. _____

Executing agent __Brett Tout 1680585__                      **FOR STATE USE ONLY**
                              NAME                          **NOT VALID IF USED IN FEDERAL COURT**

S-0075US REV. (05/18)

COURT COPY

THE REVERSE SIDE OF THIS DOCUMENT INCLUDES A SECURITY BACKER

| File No. | | | | Law Enforcement Case No. | | LID No. | | |
|---|---|---|---|---|---|---|---|---|
| 23CR344255-890 | | | | 2023-02381 | | | | |
| **WARRANT FOR ARREST** | | | | UNION COUNTY SHERIFFS OFFICE | | | | |

**THE STATE OF NORTH CAROLINA VS.**

| Name And Address Of Defendant | **STATE OF NORTH CAROLINA** |
|---|---|
| ANTONIO GREGORY BROOKS | |
| 5661 3rd St NE | UNION County |
| 243 | In The General Court Of Justice |
| Washington DC    DC    20011 | District Court Division |

**OFFENSE(S)** (see AOC-CR-100 Continuation(s) for charging text)

| Race | Sex | Date Of Birth | Age | Count No. | Offense | Offense in Violation Of G.S. | Offense Code |
|---|---|---|---|---|---|---|---|
| B | M | 11/10/1992 | 30 | 1 | **F - DISCLOSE PRIVATE IMAGES/ADULT** | 14-190.5A(B) | 3601 |

| Name Of Defendant's Employer |
|---|
| |

| Date Of Offense |
|---|
| 03/23/2023 |

☐ **Misdemeanor Offense Which Requires Fingerprinting Per Fingerprint Plan**

| Date Of Arrest & Check Digit No. (as shown on fingerprint card) |
|---|
| |

| Complainant Name (and address, if Complainant is an officer) |
|---|
| Kassandra  Clark |
| UNION COUNTY SHERIFFS OFFICE |
| 3344 Presson Road |
| MONROE    NC    28112 |
| UNION |

| Witness Information |
|---|
| |

**TO ANY OFFICER WITH AUTHORITY AND JURISDICTION TO EXECUTE A WARRANT FOR ARREST FOR THE OFFENSE(S) CHARGED IN THIS WARRANT:**
I, the undersigned, find that there is probable cause to believe that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully, and feloniously did commit the offense(s) set forth above and on the attached AOC-CR-100 Continuation(s), which is (are) incorporated by reference. This act(s) was in violation of the law referred to in this Warrant For Arrest. This Warrant For Arrest is issued upon information furnished under oath by the complainant listed. You are DIRECTED to arrest the defendant and bring the defendant before a judicial official without unnecessary delay to answer the charge(s) above.

| Date Issued | Name Of Issuing Official | Signature | ☐ Magistrate ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court |
|---|---|---|---|
| 06/27/2023 | N A RIGGINS | | ☐ District Court Judge ☐ Superior Court Judge |

| Location Of Court | Court Date | Court Time |
|---|---|---|
| DIST-Union County Judicial Center, CTRM 3 | 07/31/2023 | 9:30 AM |

**WAIVER OF PROBABLE CAUSE HEARING**

The undersigned defendant, with the consent of his/her attorney, waives the right to a probable cause hearing.

| Date Waived | Signature Of Defendant | Name Of Attorney | Signature Of Attorney |
|---|---|---|---|
| | | | |

AOC-CR-100, Rev. 3/23, © 2023 Administrative Office of the Courts          (Over)          Original          **VRA Case**

| STATE VERSUS | UNION County | File No. 23CR344255-890 |
|---|---|---|

**Name Of Defendant**
ANTONIO GREGORY BROOKS

**Date Of Issuance Of Warrant For Arrest**
06/27/2023

**NOTE:** Use this page to set forth the charging text for each offense listed on the AOC-CR-100. G.S. 15A-924(a)(5).

| OFFENSES (continued) |
|---|

**Count 1.**    **Offense:** F – DISCLOSE PRIVATE IMAGES/ADULT

*Charging Text For This Count*
On or about the date of offense shown and in the county named above the defendant unlawfully, willfully, and feloniously did on the abovementioned date the defendant did disclose private images and a video on multiple social media platforms depicting the victim, ▮▮▮▮▮▮▮ in a sexual encounter with another individual as means to harass, intimidate, demean, and humiliate the victim.

**Count 2.**    **Offense:**

*Charging Text For This Count*

AOC-CR-100 Continuation, Rev. 3/23
© 2023 Administrative Office of the Courts

Original

Continuation Page ____ of ____ Continuation Pages

| STATE VERSUS | _____ UNION _____ County | File No. 23CR344255-890 |
|---|---|---|

**Name Of Defendant**
ANTONIO GREGORY BROOKS

**Date Of Issuance Of Warrant For Arrest**
06/27/2023

If the Warrant For Arrest is not served within one hundred and eighty (180) days, it must be returned to the Clerk of Court in the county in which it was issued with the reason for the failure of service noted thereon.

## RETURN OF SERVICE

I certify that the Warrant For Arrest issued in this case on the date noted above for the defendant named above, was received and served as follows:

| Date Received 08/09/2023 | Date Served 08/09/2023 | Time Served 9:30 P.M. | Date Returned 08/09/2023 |
|---|---|---|---|

☑ By arresting the defendant and bringing the defendant before:

**Name Of Judicial Official**
Magistrate

☐ The Warrant WAS NOT served for the following reason:

**Signature Of Officer Making Return**

**Name Of Officer (type or print)**
S. Luisa

**Department Or Agency Of Officer**
Union County Sheriff's office

## REDELIVERY/REISSUANCE

| Date | Name Of Clerk (type or print) | Signature Of Clerk | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |
|---|---|---|---|

## RETURN FOLLOWING REDELIVERY/REISSUANCE

I certify that the Warrant For Arrest issued in this case on the date noted above for the defendant named above, was received and served as follows:

| Date Received | Date Served | Time Served | Date Returned |
|---|---|---|---|

☐ By arresting the defendant and bringing the defendant before:

**Name Of Judicial Official**

☐ The Warrant WAS NOT served for the following reason:

**Signature Of Officer Making Return**

**Name Of Officer (type or print)**

**Department Or Agency Of Officer**

AOC-CR-100 Return, Rev. 3/23
© 2023 Administrative Office of the Courts

Original

# SBI FINAL DISPOSITION REPORT

WHEN COMPLETED SUBMIT TO:  NORTH CAROLINA STATE BUREAU OF INVESTIGATION
DIVISION — CRIMINAL INFORMATION
407 NORTH BLOUNT STREET
RALEIGH, N. C. 27601-1009
ATTN: IDENTIFICATION SECTION

CKN Number-

| TO BE COMPLETED BY ARRESTING AGENCY | TO BE COMPLETED BY CLERK'S OFFICE |
|---|---|

**SID NO.** | **FBI NO.**

COURT LEVEL: ☐ DISTRICT ☐ SUPERIOR

NAME ON FINGERPRINT CARD SUBMITTED TO SBI
BROOKS, ANTONIO GREGORY

COURT DOCKET NUMBER: 23CR3 41255-890 | COURT DISPOSITION DATE

LAST | FIRST | MIDDLE

☐ DISMISSED          ☐ DISMISSED WITH LEAVE

**RACE** B | **DATE OF BIRTH** 11/10/1992

CHARGE CONVICTED OF:

**SEX** M | **SOCIAL SECURITY NO.**

☐ CONSOLIDATED FOR JUDGMENT WITH CASE NO -

**ARREST NO. (OCA)** | **DATE OF ARREST** 08/09/2023

[Note: If this block is checked. a copy of the final disposition reflecting the original judgment must be attached.]

**OFFENSES CHARGED AT ARREST**
DISCLOSE PRIVATE IMAGES/ADULT

PLEA ☐          VERDICT ☐

MISDEMEANOR ☐          FELONY ☐

SPLIT SENTENCE:     ☐ Yes          ☐ No

JUDGMENT:

|  | Days | Months | Years |
|---|---|---|---|
| Active Sentence | — | — | — |
| Probation | — | — | — |
| Suspended | — | — | — |

FINE: _____  COST: _____

RESTITUTION: _____  ATTORNEY FEE: _____

**CONTRIBUTOR OF FINGERPRINTS [include Address & ORI No.]**

UNION CO S.O.
MONROE, NC 28110

☐ CASE APPEALED FROM DISTRICT COURT
☐ CASE APPEALED TO APPELLATE DIVISION
[Submit copy of this form and retain original until final judgment after Appellate decision]

ADDITIONAL INFORMATION:

☐ COURT ORDERED EXPUNGEMENT
[Copy of Certified Court Order Must Be Attached and Submitted by Arresting Agency]

DATE          COUNTY

SIGNATURE

**SIGNATURE** Luisa UCSO 08/09/2023

☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk of Superior Court

**TITLE** UCSO | **DATE** 08/09/2023

If additional space is needed. check ☐ and continue on reverse side of form.

# STATE OF NORTH CAROLINA

| | File No. |
|---|---|
| | 23 CR 344255 |

**UNION** _____ County

STATE OF NORTH CAROLINA

In The General Court Of Justice
☒ District  ☐ Superior Court Division

**FILED**

2023 NOV -8 A 11: 31

UNION CO., C.S.C.

BY ___

**VERSUS**

BROOKS,ANTONIO,GREGORY

Additional File Numbers

**SUBPOENA**

G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802

| Party Requesting Subpoena: ☒ State/Plaintiff ☐ Defendant | NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge. |
|---|---|

| TO | Name And Address Of Person Subpoenaed | Alternate Address |
|---|---|---|
| | ▓▓▓▓▓▓▓▓▓▓▓ | |
| | Telephone No. | Telephone No. |

**YOU ARE COMMANDED TO:** (check all that apply)

☒ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.

☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.

☐ produce and permit inspection and copying of the following items, at the place, date and time indicated below.
    ☐ See attached list. (List here if space sufficient)

REFERENCED CHARGES:
DISCLOSE PRIVATE IMAGES/ADULT

OCT 23 '23 AM 7:00

| Name And Location Of Court/Place Of Deposition/Place To Produce | Date To Appear/Produce, Until Released |
|---|---|
| MONROE, N.C.    ROOM: DIST | 11/07/23 |
| | Time To Appear/Produce, Until Released   09:30   ☒ AM  ☐ PM |
| Name And Address Of Applicant Or Applicant's Attorney | Date   10/17/23 |
| | Signature   WENDY MAYNARD |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☒ Clerk Of Superior Court |
| | ☐ Magistrate   ☐ Attorney/DA   ☐ District Court Judge |
| Telephone No. Of Applicant Or Applicant's Attorney | ☐ Superior Court Judge |

| **RETURN OF SERVICE** |
|---|

I certify this subpoena was received and served on the person subpoenaed as follows:

By: ☐ personal delivery.  ☐ registered or certified mail, receipt requested and attached.

☐ telephone communication by Sheriff. (use only for a witness subpoenaed to appear and testify).

☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case).

NOTE TO COURT: If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may not issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.

☒ I was unable to serve this subpoena. Reason unable to serve: _Unable to locate. Bad Address_

| Service Fee | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title/Agency |
|---|---|---|---|---|
| $ ☐ Paid ☐ Due | 11/1/230 1440 | Elliot Barnette X4811 | CBH X4811 | Deputy MCSO |

NOTE TO PERSON REQUESTING SUBPOENA: A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party.

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the Courts

(Please see reverse side)

**Garry L. McFadden, Sheriff**
Mecklenburg County Sheriff's Office
700 East Fourth Street, Suite 100
Charlotte, NC 28202

**NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).**

**(c) Protection of Persons Subject to Subpoena**

(1) Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision, unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas. - Subject to subsection (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena:
  a. The subpoena fails to allow reasonable time for compliance.
  b. The subpoena requires disclosure of a privileged or other protected matter and no exception or waiver applies to the privilege or protection.
  c. The subpoena subjects a person to an undue burden or expense.
  d. The subpoena is otherwise unreasonable or oppressive.
  e. The subpoena is procedurally defective.

(4) Order of court required to override objection. - If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion shall be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. - A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel; expenses to comply with subpoena. - When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets; confidential information. - When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash; expenses. - When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

**(d) Duties in Responding to Subpoena.**

(1) Form of response. - A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3) Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4) Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a).The court may specify conditions for discovery, including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

| | **INFORMATION FOR WITNESS** | |

**NOTE:** If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."

**DUTIES OF A WITNESS**
- Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.
- In answering questions, speak clearly and loudly enough to be heard.
- Your answers to questions must be truthful.
- If you are commanded to produce any items, you must bring them with you to court or to the deposition.
- You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed.

**BRIBING OR THREATENING A WITNESS**
It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge.

**WITNESS FEE**
A witness under subpoena and that appears in court to testify, is entitled to a small daily fee, and to travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you.

AOC-G-100, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts

# STATE OF NORTH CAROLINA

File No. 23 CR 344255

UNION _____ County

In The General Court Of Justice
[X] District   [ ] Superior Court Division

STATE OF NORTH CAROLINA

FILED

Additional File Numbers

**VERSUS**

BROOKS,ANTONIO,GREGORY

2023 OCT 24   P 4: 42

UNION CO.  C.S.C.

**SUBPOENA**

G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802

Party Requesting Subpoena
[X] State/Plaintiff.    [ ] Defendant

NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge.

TO | Name And Address Of Person Subpoenaed
CLARK,KASSANDRA,T        SFF
3344 PRESSON ROAD
MONROE        NC    28112

Alternate Address

Telephone No.

Telephone No.
7042833789

**YOU ARE COMMANDED TO:** (check all that apply)
[X] appear and testify, in the above entitled action, before the court at the place, date and time indicated below.
[ ] appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.
[ ] produce and permit inspection and copying of the following items, at the place, date and time indicated below.
[ ] See attached list. (List here if space sufficient)

RECEIVED

OCT 1 8 2023

REFERENCED CHARGES:
DISCLOSE PRIVATE IMAGES/ADULT

UNION COUNTY SHERIFF'S OFFICE

Name And Location Of Court/Place Of Deposition/Place To Produce
MONROE, N.C.    ROOM: DIST

Date To Appear/Produce, Until Released
11/07/23

Time To Appear/Produce, Until Released
09:30        [X] AM  [ ] PM

Date
10/17/23

Name And Address Of Applicant Or Applicant's Attorney

Signature
WENDY MAYNARD

[ ] Deputy CSC      [ ] Assistant CSC      [X] Clerk Of Superior Court
[ ] Magistrate      [ ] Attorney/DA        [ ] District Court Judge
[ ] Superior Court Judge

Telephone No. Of Applicant Or Applicant's Attorney

**RETURN OF SERVICE**

I certify this subpoena was received and served on the person subpoenaed as follows:
By: [X] personal delivery.    [ ] registered or certified mail, receipt requested and attached.
[ ] telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify).
[ ] telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case).
NOTE TO COURT: If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may not issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.
[ ] I was unable to serve this subpoena. Reason unable to serve: _____

Service Fee | Date Served | Name Of Authorized Server (type or print) | Signature Of Authorized Server | Title/Agency
$    [ ] Paid  [ ] Due | 10-24-23 | K. Moore | [signature] | Deputy

NOTE TO PERSON REQUESTING SUBPOENA: A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered to the party. This does not apply in criminal cases.

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the Courts

(Please see reverse side)

NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).

**(c) Protection of Persons Subject to Subpoena**

(1) Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision, unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas. - Subject to subsection (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena:
    a. The subpoena fails to allow reasonable time for compliance.
    b. The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection.
    c. The subpoena subjects a person to an undue burden or expense.
    d. The subpoena is otherwise unreasonable or oppressive.
    e. The subpoena is procedurally defective.

(4) Order of court required to override objection. - If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion shall be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. - A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena. The court shall quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel; expenses to comply with subpoena. - When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets; confidential information. - When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash; expenses. - When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

**(d) Duties in Responding to Subpoena**

(1) Form of response. - A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably useable form or forms.

(3) Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4) Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a).The court may specify conditions for discovery, including requiring the party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

---

## INFORMATION FOR WITNESS

NOTE: If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."

**DUTIES OF A WITNESS**
- Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.
- In answering questions, speak clearly and loudly enough to be heard.
- Your answers to questions must be truthful.
- If you are commanded to produce any items, you must bring them with you to court or to the deposition.
- You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed.

**BRIBING OR THREATENING A WITNESS**
It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge.

**WITNESS FEE**
A witness under subpoena and that appears in court to testify, is entitled to a small daily fee, and to travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you.

AOC-G-100, Side Two, Rev. 2/18
© 2018 Administrative Office of the Courts

**STATE OF NORTH CAROLINA**

File No.
23 CR 344255

UNION _____ County

In The General Court Of Justice
☒ District  ☐ Superior Court Division

STATE OF NORTH CAROLINA

Additional File Numbers

**VERSUS**

BROOKS,ANTONIO,GREGORY

**SUBPOENA**

G.S. 1A-1, Rule 45; 8-59, -61, -63; 15A-801, -802

Party Requesting Subpoena
☒ State/Plaintiff  ☐ Defendant

NOTE TO PARTIES NOT REPRESENTED BY COUNSEL: Subpoenas may be produced at your request, but must be signed and issued by the office of the Clerk of Superior Court, or by a magistrate or judge.

**TO**

Name And Address Of Person Subpoenaed
[REDACTED]

Alternate Address
ID:    COMPLAINT: 210601212800
TEAM:    INFO:

Telephone No.

Telephone No.

**YOU ARE COMMANDED TO:** (check all that apply)
☒ appear and testify, in the above entitled action, before the court at the place, date and time indicated below.
☐ appear and testify, in the above entitled action, at a deposition at the place, date and time indicated below.
☐ produce and permit inspection and copying of the following items, at the place, date and time indicated below.
    ☐ See attached list. (List here if space sufficient)

REFERENCED CHARGES:
DISCLOSE PRIVATE IMAGES/ADULT

Name And Location Of Court/Place Of Deposition/Place To Produce

MONROE, N.C.    ROOM: DIST

Date To Appear/Produce, Until Released
09/18/23

Time To Appear/Produce, Until Released
09:30                     ☒ AM  ☐ PM

Name And Address Of Applicant Or Applicant's Attorney

Date
08/29/23

Signature
WENDY MAYNARD

☐ Deputy CSC    ☐ Assistant CSC    ☒ Clerk Of Superior Court
☐ Magistrate    ☐ Attorney/DA    ☐ District Court Judge
                                  ☐ Superior Court Judge

Telephone No. Of Applicant Or Applicant's Attorney

**RETURN OF SERVICE**

I certify this subpoena was received and served on the person subpoenaed as follows:
By    ☐ personal delivery.    ☐ registered or certified mail, receipt requested and attached.
    ☐ telephone communication by Sheriff (use only for a witness subpoenaed to appear and testify).
    ☐ telephone communication by local law enforcement agency (use only for a witness subpoenaed to appear and testify in a criminal case.
    NOTE TO COURT: If the witness was served by telephone communication from a local law enforcement agency in a criminal case, the court may **not** issue a show cause order or order for arrest against the witness until the witness has been served personally with the written subpoena.
    ☑ I was unable to serve this subpoena. Reason unable to serve: Unable to locate.

Service Fee    ☐ Paid    Date Served    Name Of Authorized Server (type or print)    Signature Of Authorized Server    Title/Agency
$         ☐ Due    9/11/23  C. Barnette XdsII    CBH XdsII    Deputy/MCSO

NOTE TO PERSON REQUESTING SUBPOENA: A copy of this subpoena must be delivered, mailed or faxed to the attorney for each party in this case. If a party is not represented by an attorney, the copy must be mailed or delivered... is not apply in criminal cases.

AOC-G-100, Rev. 2/18
© 2018 Administrative Office of the...

**Garry L. McFadden, Sheriff**
Mecklenburg County Sheriff's Office
700 East Fourth Street, Suite 100
Charlotte, NC 28202

SEP 1 '23 PM 12:35

**NOTE: Rule 45, North Carolina Rules of Civil Procedure, Subsections (c) and (d).**

**(c) Protection of Persons Subject to Subpoena**

(1) Avoid undue burden or expense. - A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena. The court shall enforce this subdivision and impose upon the party or attorney in violation of this requirement an appropriate sanction that may include compensating the person unduly burdened for lost earnings and for reasonable attorney's fees.

(2) For production of public records or hospital medical records. - Where the subpoena commands any custodian of public records or any custodian of hospital medical records, as defined in G.S. 8-44.1, to appear for the sole purpose of producing certain records in the custodian's custody, the custodian subpoenaed may, in lieu of personal appearance, tender to the court in which the action is pending by registered or certified mail or by personal delivery, on or before the time specified in the subpoena, certified copies of the records requested together with a copy of the subpoena and an affidavit by the custodian testifying that the copies are true and correct copies and that the records were made and kept in the regular course of business, or if no such records are in the custodian's custody, an affidavit to that effect. When the copies of records are personally delivered under this subdivision, a receipt shall be obtained from the person receiving the records. Any original or certified copy of records or an affidavit delivered according to the provisions of this subdivision, unless otherwise objectionable, shall be admissible in any action or proceeding without further certification or authentication. Copies of hospital medical records tendered under this subdivision shall not be open to inspection or copied by any person, except to the parties to the case or proceedings and their attorneys in depositions, until ordered published by the judge at the time of the hearing or trial. Nothing contained herein shall be construed to waive the physician-patient privilege or to require any privileged communication under law to be disclosed.

(3) Written objection to subpoenas. - Subject to subdivision (d) of this rule, a person commanded to appear at a deposition or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or tangible things may, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, serve upon the party or the attorney designated in the subpoena written objection to the subpoena, setting forth the specific grounds for the objection. The written objection shall comply with the requirements of Rule 11. Each of the following grounds may be sufficient for objecting to a subpoena:
    a. The subpoena fails to allow reasonable time for compliance.
    b. The subpoena requires disclosure of privileged or other protected matter and no exception or waiver applies to the privilege or protection.
    c. The subpoena subjects a person to an undue burden or expense.
    d. The subpoena is otherwise unreasonable or oppressive.
    e. The subpoena is procedurally defective.

(4) Order of court required to override objection. - If objection is made under subdivision (3) of this subsection, the party serving the subpoena shall not be entitled to compel the subpoenaed person's appearance at a deposition or to inspect and copy materials to which an objection has been made except pursuant to an order of the court. If objection is made, the party serving the subpoena may, upon notice to the subpoenaed person, move at any time for an order to compel the subpoenaed person's appearance at the deposition or the production of the materials designated in the subpoena. The motion shall be filed in the court in the county in which the deposition or production of materials is to occur.

(5) Motion to quash or modify subpoena. - A person commanded to appear at a trial, hearing, deposition, or to produce and permit the inspection and copying of records, books, papers, documents, electronically stored information, or other tangible things, within 10 days after service of the subpoena or before the time specified for compliance if the time is less than 10 days after service, may file a motion to quash or modify the subpoena. The court shall quash or modify the subpoena if the subpoenaed person demonstrates the existence of any of the reasons set forth in subdivision (3) of this subsection. The motion shall be filed in the court in the county in which the trial, hearing, deposition, or production of materials is to occur.

(6) Order to compel; expenses to comply with subpoena. - When a court enters an order compelling a deposition or the production of records, books, papers, documents, electronically stored information, or other tangible things, the order shall protect any person who is not a party or an agent of a party from significant expense resulting from complying with the subpoena. The court may order that the person to whom the subpoena is addressed will be reasonably compensated for the cost of producing the records, books, papers, documents, electronically stored information, or tangible things specified in the subpoena.

(7) Trade secrets; confidential information. - When a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, a court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or when the party on whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise be met without undue hardship, the court may order a person to make an appearance or produce the materials only on specified conditions stated in the order.

(8) Order to quash; expenses. - When a court enters an order quashing or modifying the subpoena, the court may order the party on whose behalf the subpoena is issued to pay all or part of the subpoenaed person's reasonable expenses including attorney's fees.

**(d) Duties in Responding to Subpoena**

(1) Form of response. - A person responding to a subpoena to produce records, books, documents, electronically stored information, or tangible things shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

(2) Form of producing electronically stored information not specified. - If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it ordinarily is maintained or in a reasonably usable form or forms.

(3) Electronically stored information in only one form. - The person responding need not produce the same electronically stored information in more than one form.

(4) Inaccessible electronically stored information. - The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, after considering the limitations of Rule 26(b)(1a). The court may specify conditions for discovery, including requiring that party that seeks discovery from a nonparty to bear the costs of locating, preserving, collecting, and producing the electronically stored information involved.

(5) Specificity of objection. - When information subject to a subpoena is withheld on the objection that it is subject to protection as trial preparation materials, or that it is otherwise privileged, the objection shall be made with specificity and shall be supported by a description of the nature of the communications, records, books, papers, documents, electronically stored information, or other tangible things not produced, sufficient for the requesting party to contest the objection.

---

## INFORMATION FOR WITNESS

**NOTE:** *If you have any questions about being subpoenaed as a witness, you should contact the person named on Page One of this Subpoena in the box labeled "Name And Address Of Applicant Or Applicant's Attorney."*

**DUTIES OF A WITNESS**
- Unless otherwise directed by the presiding judge, you must answer all questions asked when you are on the stand giving testimony.
- In answering questions, speak clearly and loudly enough to be heard.
- Your answers to questions must be truthful.
- If you are commanded to produce any items, you must bring them with you to court or to the deposition.
- You must continue to attend court until released by the court. You must continue to attend a deposition until the deposition is completed.

**BRIBING OR THREATENING A WITNESS**
It is a violation of State law for anyone to attempt to bribe, threaten, harass, or intimidate a witness. If anyone attempts to do any of these things concerning your involvement as a witness in a case, you should promptly report that to the district attorney or the presiding judge.

**WITNESS FEE**
A witness under subpoena and that appears in court to testify, is entitled to a small daily fee, and to travel expense reimbursement, if it is necessary to travel outside the county in order to testify. (The fee for an "expert witness" will be set by the presiding judge.) After you have been discharged as a witness, if you desire to collect the statutory fee, you should immediately contact the Clerk's office and certify your attendance as a witness so that you will be paid any amount due you.